Irving B. Kendall, J.
The defendant who is charged with driving while intoxicated and who submitted to a Breathalyzer examination which was taken on television tape at Mount Vernon police headquarters, has moved for discovery of the television tape which recorded certain co-ordination tests which were given him by the Mount Vqrnon Police Department.
The affidavit in support of the motion does not set forth any facts to show the materiality or reasonableness of the discovery. The People have taken the position that because defendant has not sustained the burden of materiality and reasonableness that is cast upon him by subdivision 3 of CPL 240.20, he is not entitled to discovery of the television tape recording.
This court disagrees with the position taken by the District Attorney.
*90 Subdivision 2 of CPL 240.20 provides, in part: 1 ‘ discovery may be ordered with respect to property consisting of reports and documents, or copies or portions thereof, concerning physical or mental examinations or scientific tests and experiments made in connection with the case ”.
A television tape recording of a Breathalyzer examination comes well within the purview of a physical examination within the meaning of this section and will enable the defense counsel and the defendant to see the nature of the tests administered and the manner in which the same were administered. The defendant if he so chooses, may have his own expert present 4o view the recording.
Subdivision 2 of CPL 240.20 not mandating a showing of materiality or reasonableness, the motion for discovery is granted.
Defendant’s motion to suppress the evidence taken from tbe defendant is granted but only to the extent that a hearing shall be held in order to resolve an existing factual controversy. This hearing is granted on the consent of the District Attorney.