■ PATRICIA NALBANDIAN, Appellant, v EDWARD NALBANDIAN, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals (1) from an order of the Supreme Court, Westchester County (Delaney, J.), entered March 25, 1985, which granted the defendant husband's motion to compel her to appear for a further psychiatric examination and permitted counsel for defendant to be present during such examination, and (2) from so much of an order of the same court (Ritter, J.), dated May 28, 1985, as denied her motion for a protective order against a notice pursuant to CPLR 3121 demanding that she provide written authorizations permitting defendant to obtain copies of the records of any physician or any other licensed practitioner who has treated her for a psychiatric ailment.

Order entered March 25, 1985 modified by striking therefrom the authorization for counsel for defendant to be present during the further psychiatric examination of the plaintiff. As so modified, order entered March 25, 1985 affirmed, without costs or disbursements.

Order dated May 28, 1985 affirmed, insofar as appealed from, without costs or disbursements.

We agree with Special Term that the plaintiff wife placed her psychiatric condition in issue with regard to her claim for maintenance by asserting during her examination before trial that her inability to work was due to a psychiatric condition.

Accordingly, the defendant was properly permitted to notice her for a psychiatric examination. For the same reasons, it was proper to deny plaintiff's motion for a protective order against defendant's request for authorizations to inspect her psychiatric records (see, Hoenig v Westphal, 52 NY2d 605). We find, however, that there was no basis for permitting defendant's counsel, against plaintiff's wishes, to be present during the psychiatric examination. The cases cited by Special Term in support of its decision concern the right of the person being examined to have his or her own counsel present, not opposing counsel (Ponce v Health Ins. Plan, 100 AD2d 963; Jakubowski v Lengen, 86 AD2d 398). While it is true that defendant will eventually have access to the results of the psychiatric examination, we find that the plaintiff is entitled to be examined only in the presence of the examining physician, and her own counsel if that be her desire (see, Ponce v Health Ins. Plan, supra). With respect to plaintiff's own counsel, we would add that if he is present, he is not to interfere with the conduct of the examination (see, Rosenblitt v Rosenblitt, 107 AD2d 292, 300-301 [partial concurring and dissenting opn of Lazer, J. P.]). Mollen, P. J., Gibbons, Brown, Niehoff and Eiber, JJ., concur.