OPINION OF THE COURT
Jack J. Cannavo, J.
The attorney for the plaintiffs has requested that this court permit the videotaping of a physical examination of the incompetent plaintiff by the defendant scheduled to take place at Brookhaven Memorial Hospital. The defendants object to the videotaping of this physical examination by a representative of the plaintiffs.
The plaintiffs’ claim of medical malpractice involves the alleged negligence of the defendant physicians in their care and treatment of the incompetent plaintiff and the alleged negligence of the defendant hospital in allowing the incompetent plaintiff, Joseph Mosel, to fall out of bed several times while hospitalized at Brookhaven Memorial Hospital. The incompetent plaintiff has been in a semicomatose state since 1981, which is the injury plaintiffs claim proximately resulted from defendants’ negligence.
The defendant, Brookhaven Memorial Hospital, has requested that it be permitted to conduct a physical examination of the incompetent plaintiff at this time. Normally, the right of the defendant to conduct a physical examination of a plaintiff in a medical malpractice action would be unquestioned since CPLR 3121 provides that: ”[a]fter commencement of an action in which the mental or physical condition * * * of a party * * * is in controversy, any party may serve notice on another party to submit to a physical, mental or blood examination by a designated physician”.
However, here, a statement of readiness was filed before defendant requested this physical examination. The failure to move to strike the statement of readiness within the statutorily prescribed time period of 20 days could be considered a waiver of the right of defendant to conduct a physical examination of the incompetent plaintiff (Sloan v Briggs Leasing Corp., 97 AD2d 818).
The plaintiffs’ attorney has agreed to consent to the physical examination if they are permitted to videotape it. The defendants have opposed the videotaping of the examination *75 because they assert that (1) if the videotape is shown to the jury, it would, most likely, prejudice the defendants, and (2) a videotape is unnecessary because other evidence can be submitted by the plaintiffs to show the manner in which the physical examination was conducted by defendants’ doctor.
After consideration of all the facts herein, this court concludes that it would be proper to permit the defendants to conduct a physical examination. The purposes of CPLR 3121 are to avoid surprise and narrow the areas of the medical dispute in a personal injury action (Jakubowski v Lengen, 86 AD2d 398). Full and complete disclosure is encouraged because, generally, liberal disclosure advances the interests of justice by promoting a just and speedy resolution of a controversy and by eliminating surprise.
In this situation, where the incompetent’s physical injuries are extensive and have had catastrophic consequences, the court will allow the defendants to conduct a physical examination of Joseph Mosel despite the fact that the case has already been noticed for trial.
The court disagrees with the defendants’ contention that this particular examination should not be videotaped. Normally, this court would not be inclined to permit the videotaping of a physical examination of a plaintiff in a medical malpractice action. The facts herein, however, are unusual and not typical of other negligence or medical malpractice actions. Joseph Mosel is presently semicomatose and has been in this condition since 1981. He appears to be unaware of his environment and unresponsive to the actions of individuals in his presence. Therefore, there is no likelihood that Mosel will be conscious of the actions of the examining physician and that he will be able to testify at trial concerning the particulars of that physical examination or of any other matters at issue herein.
The ordinary plaintiff is usually aware of the presence of the physician and his surroundings when he is being examined and would therefore be capable of describing the examination to his attorney, reviewing it with him and, thereafter, if necessary, testifying at trial regarding the events of the examination. Because of his infirmity, Joseph Mosel surely will be unable to communicate to anyone his feelings and reactions to the examination.
The Appellate Division of the Second Department has seen fit to extend the protection of plaintiffs rights by permitting *76 plaintiff’s own counsel to be present as an observer at the time of the physical examination (Nalbandian v Nalbandian, 117 AD2d 657; Ponce v Health Ins. Plan of Greater N. Y, 100 AD2d 963; Jakubowski v Lengen, 86 AD2d 398, supra) and also prohibiting the presence of opposing counsel at the physical examination (Nalbandian v Nalbandian, supra). Generally, the plaintiff’s interests can be protected simply by having his attorney present. However, in the case at bar, this alone may not be sufficient to protect the interests of the plaintiff. If only the attorney for the plaintiff were present at the examination and a controversy arose concerning the manner in which the examination had been conducted and its efficacy, the attorney for the plaintiff might be forced into the difficult position of being compelled to testify concerning the conduct of the examining physician because the incompetent plaintiff would not have the capacity to testify in his own behalf. The New York Code of Professional Responsibility requires that the attorney who is confronted with such a situation must then withdraw from the case since he may be forced to argue his own credibility before the trier of the facts (Pulichino v Pulichino, 108 AD2d 803; Code of Professional Responsibility, DR 5-101 [B]; 5-102 [A]). It would be unfair to place a plaintiff in the position of possibly losing his competent and able attorney at a critical time in the lawsuit. In addition, the prosecution of his matter would be probably delayed.
The court cannot see how videotaping the examination would inhibit the examining physician from performing any legitimate test on Joseph Mosel, particularly when there are no allegations contained in any affidavit by a physician or anyone else indicating that videotaping would be intrusive to an examining physician.
Further, the court is not constrained to deny the application because there is no statutory authority on the matter. As early as 1952, the Appellate Division of the State of New York permitted tape recording of testimony at an examination before trial although the CPLR was silent, at that time, as to this procedure (Gotthelf v Hillcrest Lbr. Co., 280 App Div 668). The procedural law of the State is not static and must be sufficiently flexible to adjust to and use new technological innovations as they become available (see, People v Royster, 73 Misc 2d 89). In fact, in recent years, prosecutors have been videotaping extensively confessions of defendants in criminal matters and the testimony of young abused children, which *77 courts have permitted to be utilized at trials (People v Higgins, 89 Misc 2d 913).
The defendants’ objection that any videotape of the disabled plaintiff would prejudice the jury is premature and cannot be considered at this time. Since the videotape has not yet been made, this court cannot determine if it would inflame the passions of the jury and prejudice the defendants. The court will make a determination of the admissibility of any such videotape when and if the plaintiffs seek to admit it in evidence (Caprara v Chrysler Corp., 71 AD2d 515, affd 52 NY2d 114).
The videotaping of disclosure proceedings is not novel to New York practice, and rules for the Supreme Court have been adopted to regulate the procedure when the parties videotape a deposition in a civil case (22 NYCRR 202.15). These same rules will be utilized to the extent that the court believes applicable and reasonable in the videotaping of the physical examination which is being ordered herein. Therefore, the court directs that:
The physical examination shall begin with one of the attorneys or the operator stating on camera:
(i) the operator’s name and address;
(ii) the name and address of the operator’s employer;
(iii) the date, the time and place of the physical examination;
(iv) the party on whose behalf the physical examination is being taken;
(v) the name of the doctor.
If the deposition requires the use of more than one tape, the end of each tape and the beginning of each succeeding tape shall be announced by the operator.
The videotape shall be timed by means of a time-date generator which shall permanently record hours, minutes and seconds. Each time the videotape is stopped and resumed, such times shall be orally announced on the tape.
More than one camera may be used, either in sequence or simultaneously.
At the conclusion of the physical examination, a statement shall be made on camera that the recording is completed. As soon as practicable thereafter, the videotape shall be shown to the attorneys for the defendants, unless such showing and examination are waived by the attorneys.
*78 Technical data, such as recording speeds and other information needed to replay or copy the tape, shall be included on copies of the videotaped deposition.
The parties may make audio copies of the physical examination and thereafter may purchase additional audio and audiovisual copies. A party may arrange to have a stenographic transcription made of the physical examination at his or her own expense.
The operator who is taking the videotape shall cause to be attached to the original videotape recording a certification that the videotape recording is a true record of the physical examination.
If no objections have been made by any of the parties during the course of the physical examination, the videotape deposition may be filed by the proponent with the clerk of the trial court and shall be filed upon the request of any party.
If objections have been made by any of the parties during the course of the physical examination, the videotape depositions with the certification shall be submitted to the court upon the request of any of the parties within 10 days after its recording or within such other period as the parties may stipulate or as soon thereafter as the objections may be heard by the court for the purpose of obtaining rulings on the objections. An audio copy of the sound tract may be submitted in lieu of the videotape for this purpose, as the court may prefer. The court may view such portions of the videotape recording as it deems pertinent to the objections made or may listen to an audiotape recording.
If the tape is filed with the clerk of the court, the clerk shall give an appropriate receipt for the tape and shall provide secure and adequate facilities for the storage of videotape recordings.
The proponent of the videotaped physical examination shall have the responsibility of providing whatever equipment and personnel may be necessary for presenting such videotape deposition, if the court decides the videotape is admissible evidence.
The cost of videotaping or audio recording shall be borne by plaintiffs.