OPINION OF THE COURT
Nicholas A. Clemente, J.
On June 2, 1987, Dr. Nitzberg on behalf of the defendant appeared in this court for examination before trial. It appears that there were no rooms available to conduct the deposition and plaintiff’s attorney invited Dr. Nitzberg and his attorney to his office, located across the street from the court building, so that the deposition could be conducted. Before leaving the court building, however, plaintiff’s attorney asked Dr. Nitz *734 berg to come to the clerk’s counter at which point plaintiffs attorney told a court clerk "swear him in”. Surprised by this occurrence, Dr. Nitzberg’s attorney inquired why the clerk was being asked to swear in Dr. Nitzberg. Plaintiffs attorney responded that he intended to tape record the deposition and to provide a transcript to be typed by his secretary. He also advised Dr. Nitzberg that the female accompanying him was his wife rather than a court reporter.
Dr. Nitzberg’s attorney objected to this procedure on the grounds that plaintiffs attorney’s equipment was inadequate; that there had been a failure to serve notice stating an intent to tape record the deposition and that a stenographer should be retained. Since plaintiffs attorney refused to obtain a stenographer, the examination before trial was aborted.
On the same day, a notice was served by plaintiffs attorney advising defendant that Dr. Nitzberg’s examination before trial would be taken by use of a tape recorder with a transcript to be made and furnished afterward. The notice provided that the tape machine would be operated by an employee of plaintiffs attorney.
Plaintiff has now sought judicial intervention in this matter via a motion seeking an order compelling the defendant to produce Dr. Nitzberg for examination before trial with a tape recorder to be used for transcription rather than a stenographer.
Defendant opposes the motion asserting that plaintiff has waived her right to an examination before trial of Dr. Nitzberg because of noncompliance with the rules which appertain to taped depositions which require prior notice of the procedure, or, alternatively, if Dr. Nitzberg is ordered to appear plaintiff should be required to stenographically record the deposition.
Resolution of the motion is guided by CPLR 3113 and section 202.15 of the Uniform Rules for Trial Courts (22 NYCRR). It should be noted at the outset, however, that there is increasing flexibility and accommodation in regard to the use of videotape and audio recording of pretrial disclosure proceedings (see, Mosel v Brookhaven Mem. Hosp., 134 Misc 2d 73).
CPLR 3113 (a) provides in part,
"(a) Persons before whom depositions may be taken. Depositions may be taken before any of the following persons except an attorney, or employee of an attorney, for a party or prospec *735 tive party and except a person who would be disqualified to act as a juror because of interest in the event or consanguinity or affinity to a party:
"1. within the state, a person authorized by the laws of the state to administer oaths” (emphasis added).
The Practice Commentaries in discussing this provision indicate that the officer before whom the deposition is taken should be a completely disinterested one and that typically the oath administration requirement is fulfilled by a notary public with many stenographers in fact becoming notary publics so that they may serve as the officer before whom the deposition is taken (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3113:l, at 450). The foregoing Practice Commentaries further state, "If the stenographer being used is an employee of one of the attorneys he is not qualified to act as the officer taking the deposition and a different person would have to serve as the 'officer’ though the employee apparently may remain as stenographer [which is] a bad practice” (ibid.).
In the case at bar there is, of course, no stenographer but rather a tape operator, an employee of plaintiff’s attorney, taking the place of a stenographer. While there is no prohibition in CPLR 3113 to this procedure, what is unequivocal is that such an employee may not function as the person before whom the deposition is taken. It follows that before plaintiff’s attorney could proceed with the deposition, he had to secure a swearing in of Dr. Nitzberg by a nonemployee individual. Whether he succeeded at this by using the clerk is uncertain. In any event, the procedure was inadequate since as will be seen infra, the clerk would have had to be present throughout the examination before trial.
What has not been addressed is the permissibility of using a tape recorder rather than a stenographer. While prior to the 1977 amendment of CPLR 3113 (b) (1977 Proposal No. 1 of Jud Conf, 22nd Ann Report of NY Jud Conf, at 280) this was a matter subject to question that is no longer so. Subdivision (b) of CPLR 3113 as amended provides, "(b) Oath of witness; recording of testimony; objections; continuous examination; written questions read by examining officer. The officer before whom the deposition is to be taken shall put the witness on oath and shall personally, or by someone acting under his direction, record the testimony. The testimony shall be recorded by stenographic or other means, subject to such rules *736 as may be adopted by the appellate division in the department where the action is pending” (emphasis added). Thus, the statute explicitly allows for recordation by means other than stenographic, subject to the adoption of rules by the various Appellate Divisions (Alava v Peninsula Gen. Hosp., 68 AD2d 875). While the rules governing nonstenographic recording were originally for this Judicial Department found at 22 NYCRR part 685, the matter is now covered by 22 NYCRR 202.15 (Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3113:3, 1987 Pocket Part, at 229).
Examination of section 202.15 shows that its primary focus is not taped but rather videotaped depositions. Subdivision (j) states, however, that section 202.15 applies to depositions taken by audio recording alone unless clearly inapplicable for lack of a video portion.
Consideration of section 202.15 insofar as applicable here shows that under subdivision (c), the operator of the tape machine may be an employee of an attorney taking the deposition. Under subdivision (d), however, "The officer before whom the deposition is taken shall be a person authorized by statute and shall identify himself or herself and swear the witness on camera” or here, it would have to be on tape. As analysis of CPLR 3113 showed, the officer before whom the deposition is taken cannot be an employee but must be someone authorized to administer oaths, i.e., a notary public. In addition, the officer must swear the witness in on tape. Plaintiffs attorney failed to comply with either of the requirements.
Moreover, the need for an officer to be present does not terminate upon the swearing in of the witness. Under 22 NYCRR 202.15 (f), "The officer before whom the videotape deposition is taken shall cause to be attached to the original videotape recording a certification that the witness was fully sworn or affirmed by the officer and that the videotape recording is a true record of the testimony given by the witness.”
Substituting the word "tape” for "videotape”, it is apparent that the officer could make such a certification only if he or she was present throughout the taping of the deposition. No provision to comply with this requirement was made by plaintiffs attorney.
What develops is that the procedures plaintiffs attorney sought to use in conducting an examination before trial of Dr. *737 Nitzberg on June 2, 1987 did not comply either with CPLR 3113 or section 202.15 of the Uniform Rules. Nevertheless, I do not believe that such noncompliance was willful or contumacious and he should, therefore, be given another opportunity to examine the doctor. Hence, I am directing that the doctor appear for an examination before trial on the 30th day after settlement on notice of an order hereon. Such examination before trial may be conducted by tape recording consistent with the provisions of this memorandum and section 202.15 or in such manner as the parties stipulate.