*699 OPINION OF THE COURT
Michael J. Miller, J.
The respondent Archie C. is alleged to have sexually abused his daughter, Angelica C. The petition was brought under article 10 of the Family Court Act by the Monroe County Department of Social Services. The Monroe County Public Defender’s office was appointed to represent the respondent and on December 24, 1990 received notice from petitioner that it intended to have the child interviewed by a staff member of Children’s Convalescent Hospital for purposes of validation.
The respondent immediately brought an order to show cause requesting the court to require the petitioner to videotape all validation interviews with the child, and to direct the petitioner to provide access to these tapes to the respondent for review and reproduction, or in the alternative to preclude the petitioner from offering validation testimony at trial. Oral arguments on the motion were heard by the court and briefs were submitted.
At oral argument, respondent, through counsel, agreed to waive his right to request examination of the child by his own expert, as permitted by section 1038 (c) of the Family Court Act, in exchange for being granted the right to review videotapes of the interviews conducted by petitioner’s expert. Respondent does not seek to have the videotape introduced as evidence. Respondent wants access to the videotape solely for the purpose of preparing for cross-examination and having an expert of respondent’s choosing review the videotape to analyze the technique, methodology, use of leading questions and the verbal and nonverbal responses of the child and the interviewer.
The use of videotape recordings in legal proceedings has long been accepted in New York courts. (See, e.g., Mosel v Brookhaven Mem. Hosp., 134 Misc 2d 73 [1986]; People v Higgins, 89 Misc 2d 913 [1977]; Rubino v Searle & Co., 73 Misc 2d 447 [1973].) For instance, courts have allowed and required videotaping of depositions and the physical examination of a party in a civil proceeding. (Rubino v Searle & Co., 73 Misc 2d 447, supra; Mosel v Brookhaven Mem. Hosp., 134 Misc 2d 73, supra.) A videotape can truly, fairly and accurately represent the scenes, events and people depicted. (People v Higgins, 89 Misc 2d 913.) However, there is no specific authority either by statute or case law which would compel petitioner in a child abuse case to videotape its own validation expert for later review by a respondent or Law Guardian.
*700 The Legislature has recently increased the rights of respondents and Law Guardians to discovery in abuse and neglect proceedings. Section 1038 (d) of the Family Court Act enacted in 1990 provides in pertinent part: "Unless otherwise proscribed by this article, the provisions and limitations of article thirty-one of the civil practice law and rules shall apply to proceedings under this article. In determining any motion for a protective order, the court shall consider the need of the party for the discovery to assist in the preparation of the case and any potential harm to the child from the discovery.”
In addition, section 1038 (c) of the Family Court Act gives the respondent and Law Guardian the right to move to have an allegedly abused child examined by their own experts. The court again is directed to weigh the need for such an examination in case preparation against the potential harm to the child from successive examinations. (Family Ct Act § 1038 [c].)
These new rights accorded respondents and Law Guardians arise from the inherent difficulties in child abuse cases. Primary among these difficulties are questions concerning the legitimacy of validation interviews. Experts have been accused of having a prejudice toward findings of abuse. They are charged with asking leading questions and encouraging children to give what the expert considers right answers. Words or procedures may move the child to imagine some event or some of the details and the child may thereafter be unable to distinguish fact from fantasy. (See, Christiansen, The Testimony of Child Witnesses: Fact, Fantasy, and the Influence of Pretrial Interviews, 62 Wash L Rev 705 [1987]; Renshaw and Domeena, Evaluating Suspected Cases of Child Sexual Abuse, Psychiatric Annals, at 62 [Apr. 1987]; Coleman and Lee, Has a Child Been Molested?, 6 Cal Law [No. 7], at 15 [July 1986].)
Clearly, therefore, videotaping of an expert validation interview is essential to respondent’s preparation of a defense. It would give another expert hired by respondent or indeed a Law Guardian the opportunity to evaluate the interview and challenge the skills and interpretations of petitioner’s expert. Further, it would allow for evaluation of the child’s responses without subjecting the child to the trauma of another interview. The videotaping will help immeasurably in the search for truth and may indeed have the side benefit of encouraging settlement. (See, Child Sexual Abuse: What a Law Guardian Needs to Know, lecture by Dr. Susan Sgroi, sponsored by the App Div, 3d Dept, Sept. 22, 1989 [available on videotape from 4th Dept Law Guardian office, or Monroe County Bar Assn].)
*701 In a recent case, Matter of Linda S. (148 Misc 2d 169, 175 [Fam Ct, Westchester County 1990]), Judge Spitz called upon the Legislature "to enact a statute setting forth guidelines for validation interviews, which should include the automatic videotaping of all interviews.”
This court echoes that call, but in the meantime, it will not deny respondent’s application simply because there is no present statutory authority explicitly permitting the relief requested. In the past, tape recording of testimony in a civil proceeding was allowed at a time when the CPLR was silent on the subject. (Mosel v Brookhaven Mem. Hosp., 134 Misc 2d, supra, at 76, citing Gotthelf v Hillcrest Lbr. Co., 280 App Div 668 [1952].) As the court stated there "[t]he procedural law of the State is not static and must be sufficiently flexible to adjust to and use new technological innovations as they become available”. (Mosel v Brookhaven Mem. Hosp., 134 Misc 2d, supra, at 76, citing People v Royster, 73 Misc 2d 89 [1973].) Here, the respondent has specifically waived his right to request an interview of the child by his own expert in return for the videotape of the petitioner’s validation interview. Videotaping petitioner’s interview in this case thus fulfills the purpose of article 10 by helping the respondent prepare a defense while protecting the child from the possible additional psychological harm of a second interview. (Family Ct Act §§ 1038,1011; Matter of Nicole V., 71 NY2d 112, 117 [1987].)
The court therefore orders that petitioner, Monroe County Department of Social Services, is required to videotape validation interviews with the child, Angelica C., and petitioner is further directed to provide the respondent and the Law Guardian with access to these tapes for review and reproduction, or in the alternative is prohibited from offering the validation testimony at trial.