[627 NYS2d 103]

In the Matter of MICHAEL J. and Others, Children Alleged to be Abused. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant-Respondent; JOHN J., Respondent-Appellant.

Third Department, May 18, 1995

APPEARANCES OF COUNSEL

*Leanora A. Kovacs,* Kingston, for appellant-respondent.

*Jake Harper,* Kingston, for respondent-appellant.

**OPINION OF THE COURT**

YESAWICH JR., J.

In this proceeding, petitioner, Ulster County Department of Social Services, alleges that respondent sexually abused his son during a weekend visitation. Upon respondent's motion, Family Court directed, *inter alia,* that interviews of the affected child, by any person who is to be called as a witness for either party or by the Law Guardian, must be videotaped. The error complained of by petitioner on its appeal is that Family Court exceeded its authority by ordering the taping of all encounters, including those conducted for therapeutic purposes; petitioner maintains that the order should be confined to interviews specifically intended to validate the child's claims of abuse. Respondent—pointing to the likelihood that the therapist with whom his son is treating will be called upon to recount the child's out-of-court statements, or to provide expert testimony corroborating those statements *(see, Matter of Nicole V.,* 71 NY2d 112, 120-121), and to the peril that any adult conducting an interview of the child might resort to leading questions, the answers to which could be of little probative value—is of a different mind.

Inasmuch as the Legislature, spurred by similar concerns, has accorded Family Court the right to direct videotaping, such as that ordered here, in certain instances *(see,* Family Ct Act § 1038 [c]; *cf., Matter of Angelica C.,* 149 Misc 2d 698, 699, 701), analysis of whether that court judiciously exercised this discretion necessarily begins with consideration of the breadth and intent of that enactment. The statutory language itself is informative; it confers upon the court discretion to order videotaping of "[a]ny examination or interview * * * of a child who is the subject of a proceeding under this article, for the purposes of offering expert testimony to a court regarding

the sexual abuse of the child", after weighing specified factors bearing on the advisability of issuing such an order. Significantly, the Legislature, which could have enacted a much more sweeping measure, chose instead to set bounds on Family Court's authority, confining it to interviews or examinations conducted "for the purposes of offering expert testimony"; this is not meaningless language.

To limit Family Court's videotaping power as much as petitioner proposes, however, to only those experts denominated "validators", or to interactions expressly undertaken for the sole purpose of evaluating the child's credibility or the conformance of his or her behavior to that manifested by other children who have been abused, would effectively eviscerate this legislation. Were we to adopt this position, a child's therapist, if possessed of the proper credentials, could be called upon—as is not infrequently the case—to provide the necessary expert opinion *(see, Matter of Nicole V., supra,* at 121; *Matter of Alan YY. v Laura ZZ.,* 209 AD2d 902, 903; *Matter of Nassau County Dept. of Social Servs. [Meredith K.] v Steven K.,* 176 AD2d 326, 331), yet the interviews upon which that opinion was based, if undertaken in conjunction with a course of counseling or therapy, would not be subject to a videotaping order. This result is plainly at odds with that intended by the Legislature.

The statute, to retain its vitality, must be interpreted as investing Family Court with discretion to mandate videotaping of the child's interaction with any adult who might be called upon to furnish expert testimony regarding the sexual abuse of the child (except in the context of a physical examination) and, if no tape is made, in contravention of that order, to refuse to consider any resulting opinion testimony that is offered to prove that the child has been abused, or to corroborate the child's statements. The permissible reach of an order of this kind does not, as petitioner would have it, depend on the type of professional offering the opinion at issue (e.g., a "validator" or a therapist), but rather on the nature of the testimony itself; what is not intended is that the court preclude a witness from testifying as to his or her direct observations of the child (as opposed to an opinion drawn therefrom) simply because of a party's failure to comply with a videotaping directive.

As for this order, while Family Court could have explained in more detail the particular factual findings underlying the basis for its decision, it appears that the statutory criteria

were indeed considered and that the resulting order (as we have limited it) does not constitute an abuse of discretion. And, despite petitioner's suggestion to the contrary, the question of whether Family Court may undertake to preclude testimony acquired during interviews conducted prior to the issuance of an order that would, by its terms, require that they be videotaped, is not before us, for the instant order is prospective in application, a fact readily acknowledged by respondent in his brief.

MIKOLL, J. P., CREW III, CASEY and SPAIN, JJ., concur.

Ordered that the order is modified, on the law, without costs, by directing the videotaping of any interview or meeting with the child by a person who is to be called upon to render an expert opinion with respect to whether the child was abused, or whether the child's behavior conforms to that of other abuse victims or to render any other expert analysis on the basis of that encounter, and, as so modified, affirmed.