■ JEAN McNAMARA, Respondent, v LEONARD LIVOTE, Appellant. [668 NYS2d 496] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (O'Brien, J.), dated November 26, 1996, as awarded the plaintiff wife temporary child support of $365 per week and temporary maintenance of $200 bi-weekly, and (2) so much of an order of the same court, dated February 26, 1997, as denied those branches of his motion which were to direct the plaintiff to submit to a physical examination and to execute a release for joint counselling records.

Ordered that the order dated November 26, 1996, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated February 26, 1997, is modified by deleting the provision thereof which denied that branch of the defendant's motion which was to direct the plaintiff to submit to a physical examination and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that within 30 days after service upon the plaintiff's counsel of a copy of this decision and order with notice of entry the plaintiff shall submit to a physical examination to be held at a time and place to be fixed by written notice of not less than 10 days, to be given by the defendant, or at such other time and place as the parties may agree.

The plaintiff placed her physical condition in issue with regard to her claims for maintenance and custody (see, e.g., Nalbandian v Nalbandian, 117 AD2d 657). Therefore, under the facts of this case, the defendant should have been permitted to notice the plaintiff for a physical examination by a doctor of his choice (see, e.g., Nalbandian v Nalbandian, supra).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.