Louis B. Heller, J.
In this negligence action defendant Tessie Diamond moves to vacate the notice of examination before trial directing the named defendant Robert Diamond to appear as a party to be examined. Plaintiffs cross-move for an order striking out the answer of the defendant or in the alternative for summary judgment.
It is apparent from the papers before the court that the named defendant Robert Diamond was never served with a summons and complaint in the action and there has been no appearance by him. Under the circumstances he cannot be examined as a party and at the best may merely be examined as a witness. The failure on his part to appear on the examination before trial resulting from the service of the notice upon the attorney for the defendant Tessie Diamond cannot be a basis for striking out the answer of the defendant Tessie Diamond who has appeared and answered and who has not been served with a notice of examination before trial.
*202 Section 299 of the Civil Practice Act permits the penalty against that party who has appeared and willfully fails to submit to an examination pursuant to notice served upon his attorney. It cannot be enforcible against a party whose examination is not sought. Accordingly the defendant’s motion is granted.
With respect to the cross motion for summary judgment plaintiffs have failed to present evidentiary facts sufficient to warrant the granting of the motion. Plaintiffs have merely set forth conclusory statements of negligence. A moving party must in the first instance present such evidentiary facts as will establish his cause of action sufficiently to entitle him to judgment as a matter of lato. (Nixon v. New York Cent. R. R. Co., 10 A D 2d 870.) Nor does the failure of a defendant to submit an exculpating version of the accident eliminate the factual question of negligence (Ortiz v. Knighton, 14 A D 2d 679).
The record presents issues for the trier of the facts to determine as to whether under all the circumstances the defendant’s conduct constituted negligence and whether under all the circumstances there was contributory negligence on the part of the injured person (Reale v. Pooton, 11 A D 2d 1028). Accordingly the cross motion is denied.