■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CONFESSOR GOMEZ, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, entered December 5, 1962, which dismissed the writ and remanded him to respondent's custody. Judgment affirmed, without costs. (*People ex rel. Emanuel* v. *McMann,* 7 N Y 2d 342; *People ex rel. Cuomo* v. *Fay,* 12 A D 2d 976.) Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ MURRAY STOCKMAN et al., Respondents, v. MARKS POLARIZED CORPORATION et al., Appellants.— In a stockholders' derivative action, defendants appeal from an order of the Supreme Court, Queens County, entered July 13, 1965, which conditionally granted plaintiffs' motion, pursuant to CPLR 3126, to strike out defendants' answer by reason of the alleged willful failure of defendant Carlotta Marks to appear for pretrial examination pursuant to prior notice of examination and a prior order of said court. Order reversed, without costs, and motion remitted to the Special Term for further proceedings not inconsistent herewith. In our opinion, there is no basis in the record for holding that the failure of Mrs. Marks to appear for examination was that willful failure contemplated by the statute; and defendants' answer should not have been struck out, even on condition (*Livingstone* v. *Mayes,* 23 A D 2d 814; *Nomako* v. *Ashton,* 22 A D 2d 683; *Mack* v. *Edell,* 284 App. Div. 1022). In any event, the answer of Mrs. Marks' codefendants should not have been struck out (CPLR 3126; cf. *Finegold* v. *Walworth Bros.,* 238 N. Y. 446, 455; *Sterne* v. *Diamond,* 36 Misc 2d 201). On the other hand, however, there is an outstanding order of the court directing Mrs. Marks' examination which has not been complied with; and her claim of physical incapacity is supported only by the unsworn assertion of her physician. In our opinion, therefore, a hearing should be held for the purpose of taking testimony concerning her physical condition. Prior thereto, to enable plaintiffs to prepare for such hearing, Mrs. Marks should submit herself to a physical examination by a physician designated by plaintiffs. The issue to be decided upon such hearing is whether Mrs. Marks' default in appearing for oral examination was excusable by reason of her physical condition. Depending upon the determination made, the Special Term should thereupon make such an order as may be just under the circumstances (CPLR 3126; *Marco* v. *Sachs,* 4 A D 2d 785). Of course, if in the interim Mrs. Marks should submit herself to oral examination and produce the books and records in compliance with the prior order, then the physical examination and the hearing would be obviated. Beldock, P. J., Ughetta, Brennan, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS RICHARDSON, Appellant.— Motion by appellant to dispense with printing and for assignment of counsel on appeal from an order of the County Court, Nassau County, entered April 1, 1966, which denied his motion to dismiss indictments for lack of prosecution. Motion denied. The order is not appealable and is reviewable only on an appeal from a judgment of conviction. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.