■ JAMES EVANS, Respondent, v NAB CONSTRUCTION CORP. et al., Doing Business as NAB-LORD ASSOCIATES, INC., Appellant, et al., Defendant. — In a negligence action to recover damages for personal injuries, defendant Nab-Lord Associates, Inc., appeals from an interlocutory judgment of the Supreme Court, Nassau County, dated March 19, 1980, which was in favor of the plaintiff and against it, after a jury trial on the issue of liability only. Interlocutory judgment affirmed, with costs. While working within the scope of his employment as an ironworker, plaintiff fell when the structure on which he was working collapsed beneath him. That structure was comprised of a 10-foot by 10-inch by 2½-inch piece of planking, resting one end upon structural steel and the other end upon a 3- to 3½-foot-long piece of "four-by-four", which itself was supported by structural steel. The accident apparently was caused by a defect in the 4 by 4, which split in two under the plaintiff's weight. Under these circumstances, we find as a matter of law that the structure which collapsed beneath the plaintiff was a scaffold within the meaning of section 240 of the Labor Law. Accordingly, the trial court did not err when it labeled the structure as such in its charge, thus effectively taking the question of the nature of that structure away from the jury. It was also proper for the Trial Judge to refrain from charging the jury on the doctrine of comparative fault as set forth in CPLR 1411. Section 240 of the Labor Law imposes a nondelegable duty and absolute liability upon contractors for injuries to workmen caused by defective scaffolding. Neither contributory negligence nor assumption of the risk has ever been held to be a defense to an action pursuant to section 240 of the Labor Law (see *Koenig v Patrick Constr. Corp.,* 298 NY 313). It would be anomalous to hold that a statute (CPLR 1411) designed to abolish the contributory negligence defense could be read so as to create a partial defense to actions by an injured plaintiff against contractors whose liability has historically been held to be absolute *(Pereira v Herman Constr. Co.,* 74 AD2d 531). Furthermore, we note that in light of the trial court's curative instructions to the jury, the denial of appellant's motion for a mistrial following the revelation that plaintiff was suffering from cancer at the time of trial (which condition was totally unrelated to the accident) was not prejudicial and does not require the granting of a new trial. Lastly, plaintiff's contention that the trial court erred in refusing to grant his motion for a directed verdict is not reviewable on this appeal, as plaintiff is not an aggrieved party within the meaning of CPLR 5511. Mangano, J.P., Gibbons, Gulotta and O'Connor, JJ., concur.