■ LAUREN SHAPIRO, Appellant, v ROBERT SHAPIRO, Respondent. — Order of the Supreme Court, New York County (Gomez, J.), entered April 16, 1982, which denied reargument and granted defendant's motion to punish plaintiff for contempt for failure to comply with a prior order of the court, is reversed, on the law and facts, in the exercise of discretion, without costs. Plaintiff's motion to renew, incorrectly denominated as one to resettle, is granted and upon renewal, the designation of the psychiatrist named to conduct examinations of both plaintiff and defendant in the prior order entered January 13, 1982, is vacated. Defendant's motion to punish plaintiff for contempt for failure to comply with the prior order is denied. The matter is remanded to Special Term, Part 5 for the court's designation of a different psychiatrist to conduct said examinations. The defendant husband moved in Special Term to have the parties and their two-year-old infant daughter examined by a psychiatrist. Justice Gomez granted defendant's motion only to the extent of directing the parties themselves to submit to such psychiatric examination and further directing that an order be settled proposing the name of a panel psychiatrist chosen by the parties. The names of three panel psychiatrists were provided to the parties and by order entered January 13, 1982, Justice Gomez designated one of the three panel psychiatrists to evaluate the parties; specifically the one recommended by defendant's counsel. Plaintiff's counsel moved to "resettle" this order detailing objections he had to the designation of this psychiatrist and stating that any other panel psychiatrist would be acceptable. In opposition, the defendant husband moved to punish plaintiff for her contempt in not submitting to the ordered examination. The court below deemed the motion to resettle as one for reargument, which it denied. It granted defendant's motion to punish the plaintiff wife for contempt. Although the original designation of the psychiatrist was not an abuse of discretion, upon the motion to "resettle", an affidavit submitted by plaintiff's counsel in support of that motion contained allegations which had not previously been brought to the court's attention. Properly therefore, the court should have treated plaintiff's application as one to renew. Upon renewal, the court should have considered more

seriously the significance of the strong antipathy between the wife's lawyer and the psychiatrist, a feeling-undoubtedly communicated to the wife. Since the proposed psychiatric examination will play an important part in determining the custody of the infant daughter, this patent antagonism toward the examining psychiatrist should have been considered whether or not there was a factual basis for its stated genesis. We conclude that Special Term abused its discretion in not so ruling, especially under the circumstances herein where the court had already indicated a willingness to leave the choice, at least in the first instance, to the parties; and where plaintiff's counsel has stated unequivocally that any other psychiatrist on the panel other than the designee would be acceptable. Concur — Murphy, P. J., Silverman, Bloom and Asch, JJ.

Ross, J., dissents in a memorandum as follows: There can be no abuse of discretion where the examining psychiatrist was the only one of the three doctors on the proposed list who is board certified; where counsel for the plaintiff was less than diligent in settling an order of the court; and where if counsel had co-operated, this matter would have never reached an appellate court. Therefore, I must dissent. In addition, it is my opinion that the determination of this court now permits counsel to designate and choose a psychiatrist on the gossamer-thin reason that counsel has a better rapport with one doctor than with another. Presumably, the ruling of this court will also disqualify this particular psychiatrist in any matter that is being litigated by the principals or any associate in this firm. I simply cannot subscribe to these theories.