■ JOSEPH FLAHERTY, by JAMES FLAHERTY, as Guardian ad Litem, Appellant, v OLINS LEASING INCORPORATED et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals (1) from an order of the Supreme Court, Queens County (Hyman, J.), dated October 1, 1981, which, *inter alia,* stayed the trial to be held on the issue of damages pending completion of discovery proceedings and directed plaintiff to submit to a

"physical examination" by a psychiatrist of defendant Olins Leasing Incorporated's choosing, (2) as limited by his brief, from so much of a further order of the same court (Hyman, J.), dated December 1, 1981, as, upon granting reargument, in relevant part adhered to its determination dated October 1, 1981, (3) as limited by his brief, from so much of an order of the same court (Hyman, J.), dated May 20, 1982, as granted defendant Olins Leasing Incorporated's motion to dismiss the complaint unless plaintiff submitted to a physical examination by a psychiatrist of said defendant's choosing within a stated time period, (4) from an order of the same court (Hyman, J.), dated July 8, 1982, which, *inter alia,* granted defendant Olins Leasing Incorporated's motion to dismiss the complaint because of the plaintiff's failure to submit to a physical examination by a psychiatrist, to the extent of precluding plaintiff from introducing at the trial to be held on the issue of damages any evidence of his alleged mental disability, unless he submitted to a physical examination by a psychiatrist of said defendant's choosing and an oral examination by said defendant within a stated time period, and (5) from an order of the same court (Graci, J.), dated December 21, 1981, which granted defendant Olins Leasing Incorporated's motion for leave to serve an amended answer, to assert, in mitigation of damages, the affirmative defense of the failure to use seat belts. Order dated December 21, 1981, affirmed, without costs or disbursements. No opinion. Appeal from order dated October 1, 1981, dismissed, without costs or disbursements. Said order was superseded by the order dated December 1, 1981, which was entered upon reargument. Order dated December 1, 1981, reversed insofar as appealed from, without costs or disbursements, and upon reargument, order dated October 1, 1981, modified by vacating all of the provisions thereof except that which stayed the trial to be held on the issue of damages pending completion of discovery proceedings. Order dated May 20, 1982, reversed insofar as appealed from, and order dated July 8, 1982, reversed, without costs or disbursements, and matter remitted to the Supreme Court, Queens County, for further proceedings consistent herewith. Upon review of the record, we are of the opinion that a hearing should be held for the purpose of deciding whether, due to paranoia or other mental illness, plaintiff is unable to submit to an examination by a psychiatrist of defendant Olins Leasing Incorporated's choosing and to an oral examination by said defendant. Since the plaintiff seeks to resist the statutorily mandated requested disclosure, he will have the burden at the hearing of proving his mental incapacity (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3126:7, pp 646-649). Depending upon its determination, Special Term should make an order as may be just under the circumstances (CPLR 3126; cf. *Stockman v Marks Polarized Corp.,* 25 AD2d 883). However, if it is established that plaintiff is, in fact, unable to appear for the examinations by reason of his mental condition, in that he lacks the capacity to "refuse * * * to obey an order for disclosure", or to "wilfully fail * * * to disclose information which the court finds ought to have been disclosed" (CPLR 3126), then the sanctions of dismissing the complaint or precluding plaintiff from introducing at the trial on the issue of damages evidence of his alleged mental disability, would be inappropriate. Damiani, J. P., Thompson, Bracken and Boyers, JJ., concur.