BERNARD GRABOW et al., Respondents, v BLUE EYES, INC., et al., Respondents, and WILLIAM SHERR, Appellant.

First Department, December 18, 1986

## APPEARANCES OF COUNSEL

*Raymond Kimmelman* of counsel *(Esterman & Esterman, P. C.,* attorneys), for appellant.

No appearance on behalf of respondents.

### OPINION OF THE COURT

FEIN, J.

Plaintiffs allege that defendants Werner, Sherr and Sylvor were partners in the defendant law firm of Bandler & Kass, and, prior to November 28, 1977, were shareholders, with others, of defendant Blue Eyes, Inc. It is further alleged that defendants made false representations to induce plaintiffs to invest in the corporation through which defendants represented they would conduct tax shelter transactions. Defendants allegedly further represented that any moneys invested would not be disbursed or released to the corporation or defendants until plaintiffs received full return of their investments. Plaintiffs executed an escrow and shareholders' agreement in conjunction with their investments in the corporation.

The first three causes of action seek money damages for injury sustained by plaintiffs by reason of reliance upon defendants' alleged misrepresentations. In the fourth, fifth, sixth and seventh causes of action, plaintiffs allege money damages resulting from defendants' breach of the shareholders' and escrow agreements and breach of fiduciary duty. In the remaining six causes of action plaintiffs seek an accounting and punitive damages for defendants' alleged breach, as attorneys, of fiduciary duty, as well as their negligence, violation of securities laws and regulations, and conversion. Defendants' answer denied liability and asserted eight affirmative defenses.

Plaintiffs made a series of efforts to examine defendant Sherr before trial, culminating in a notice of motion, returnable before Justice Shainswit, to strike his answer for failure to appear. It is undisputed that Sherr failed to appear for examination and had never previously sought a protective order. Defendants cross-moved for a protective order relieving Sherr from submitting to a deposition upon the ground that Sherr

was not capable of being examined. The cross motion was supported by an affidavit of Dr. Edward Gendel, a psychiatrist, which stated that Sherr had suffered a nervous breakdown and was hospitalized after being convicted of a felony in the United States District Court for the Southern District of New York, resulting in his disbarment. The psychiatrist opined that Sherr should not be deposed because of depression, stress and inability to concentrate, and that his condition would worsen if he were compelled to submit to examination. The doctor suggested that at least a year or two would have to elapse before Sherr would be able to testify.

Defendants' attorneys filed an affidavit asserting that he was not in willful disobedience and that plaintiffs did not need Sherr's examination since they could testify as to their recollection of conversations with Sherr. Counsel argued that the cross motion should be granted and that the penalty, if any, should be to preclude Sherr from testifying at trial unless he appeared for deposition two weeks prior to trial. Special Term held the motion in abeyance pending a report of an examination of Sherr by a psychiatrist of plaintiffs' choosing.

Sherr then individually moved for a protective order prohibiting plaintiffs from noticing or ordering a psychiatric examination, conceding that he had been convicted of submitting a perjured affidavit in a proceeding in the Southern District, and that his 5th Amendment rights were now being jeopardized. Sherr further argued that there was no authority for the examination since his physical condition was not in issue. The court, deeming Sherr's motion as one for reargument, denied it, and again directed a psychiatric examination.

Plaintiffs then moved for summary judgment with respect to the fourth, fifth, sixth and seventh causes of action. By cross motion, defendants, other than Sherr, sought summary judgment with respect to the same causes of action. Their cross motion was supported by an affidavit by Sherr. Decision on the motion and cross motion for summary judgment was held in abeyance by Justice Gammerman upon consent pending a decision by Justice Shainswit regarding Sherr's psychiatric examination.

Finally, Sherr was examined by plaintiffs' psychiatrist, Dr. Otto L. Bendheim, who opined that Sherr had suffered from severe depression, marked vegetative symptoms and other severe psychiatric symptomology which rendered Sherr unable to participate in any type of legal proceeding, including testimony at an examination before trial.

Nonetheless, Special Term granted plaintiffs' motion to strike Sherr's answer upon the ground that he was not found to be incompetent, no committee had been appointed for him and he seemed capable of managing his affairs. In addition to directing that Sherr's answer be stricken, Special Term further directed that he be precluded from testifying or producing at trial any evidence to controvert plaintiffs' evidence unless he submitted on proper notice to a deposition no more than two weeks before trial.

Thereafter, Justice Gammerman denied plaintiffs' motion for partial summary judgment and granted the other defendants' cross motion for partial summary judgment dismissing plaintiffs' fourth, fifth, sixth and seventh causes of action. Sherr had not so moved.

In our view, the order striking Sherr's answer was an abuse of discretion in the face of the opinions of both psychiatrists that Sherr is unable, at the present time, to submit to examination before trial. It is clear that Sherr has made a continuing and prolonged effort to avoid submitting to examination. However, his apparent condition does not warrant the drastic action taken. Although the penalty to be imposed for failure to disclose (CPLR 3126) is largely within the discretion of Special Term (Associated Mut. Ins. Co. v Dyland Tavern, 105 AD2d 892, 893), the imposition of the penalty of striking a defendant's answer for failure to comply with notices or orders for discovery is to be used sparingly and only upon a clear demonstration that the failure to disclose was willful and contumacious (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:7, p 646; Mancusi v Middlesex Ins. Co., 102 AD2d 846).

It is plain from the record that Sherr's position throughout has been his alleged inability to testify. Both psychiatrists, plaintiffs' and defendants', agree. Under the circumstances, there was no basis for finding a willful default warranting striking the answer (Flaherty v Olins Leasing, 91 AD2d 970). Such a harsh sanction is not to be imposed, despite the actions of defendants' counsel.

Accordingly, we have directed that the order be modified to the extent of deleting the decretal paragraph striking Sherr's answer. The remainder of the order precluding Sherr from offering evidence upon the trial remains in effect unless he submits to such examination. We have previously approved such procedure (Heyward v Benyarko, 82 AD2d 751).

Under the circumstances, we see no reason to modify the order of Justice Gammerman granting summary judgment to the other defendants so as to include Sherr, who did not move for such relief.

Accordingly, the order, Supreme Court, New York County (Beatrice Shainswit, J.), entered March 18, 1985, which, in part, granted plaintiffs' motion to strike the answer of defendant Sherr and precluded him from producing any evidence at trial, should be modified, on the law and the facts and in the exercise of discretion, to the extent of vacating so much thereof as directed that the answer be stricken, and otherwise affirmed, without costs.

The order of Supreme Court, New York County (Ira Gammerman, J.), entered May 14, 1985 which, in part, granted defendants' cross motion for partial summary judgment in favor of all defendants except Sherr, dismissing plaintiffs' fourth, fifth, sixth and seventh causes of action, should be affirmed, without costs.

SANDLER, J. P., SULLIVAN, MILONAS and WALLACH, JJ., concur.

Order, Supreme Court, New York County, entered on March 18, 1985, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of vacating so much thereof as directed that the answer be stricken, and otherwise affirmed, without costs and without disbursements, and the order of said court entered on May 14, 1985 is unanimously affirmed, without costs and without disbursements.