■ JOHN CASALI et al., Respondents, v EUGENE PHILLIPS et al., Appellants.—Order insofar as appealed from unanimously reversed on the law without costs and motion granted. Memorandum: In the subject case, plaintiff failed to show any special circumstances warranting the presence of a stenographer at a physical examination to be conducted by defendant's doctor.

The purpose of a physical examination of a party is to

narrow the areas of medical dispute through the assistance of the medical profession and to eliminate much of the medical controversy in a personal injury case *(Jakubowski v Lengen,* 86 AD2d 398, 400). In *Jakubowski (supra,* at 401), we cautioned against further representation at the examination, noting that the examining room should not "be turned into a hearing room with lawyers and stenographers from both sides participating."

The sole claim here is that *subsequent* to a physical examination in another case also involving plaintiff's attorney, the same physician selected by defendant in this case went beyond the purposes of the discovery proceeding and forwarded a letter regarding his opinion to another physician. The presence of a stenographer would have had no bearing upon such conduct, and other remedies exist to ensure that physicians do not violate discovery rules. Moreover, where valid reasons exist, a party may object to the physician designated by defendant and seek to have defendant select another doctor to conduct the examination *(see, Rosenblitt v Rosenblitt,* 107 AD2d 292, 295; *Shapiro v Shapiro,* 89 AD2d 538; *Miocic v Winters,* 75 AD2d 887; *Jackson v Cocca,* 27 AD2d 700). (Appeal from order of Supreme Court, Erie County, Flaherty, J.—discovery.) Present—Dillon, P. J., Callahan, Green, Balio and Lawton, JJ.