■ ELLWOOD HAGMEIER, Appellant, v CONSOLIDATED RAIL CORPORATION, Respondent.—Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings, in accordance with the following memorandum: Although defendant is entitled to have plaintiff submit to a physical examination by a physician defendant designates *(see,* CPLR 3121; 22 NYCRR 202.17), plaintiff may object and may seek to have defendant select another doctor provided plaintiff can establish that the doctor defendant designated has bias or hostility toward plaintiff or his counsel *(see, Casali v Phillips,* 145 AD2d 941, 942; *Rosenblitt v Rosenblitt,* 107 AD2d 292, 295; *Shapiro v Shapiro,* 89 AD2d 538; *Miocic v Winters,* 75 AD2d 887). On this record Special Term abused its discretion in granting defendant's motion to compel plaintiff to be examined by the doctor whom defendant designated *(see, Jackson v Cocca,* 27 AD2d 700). Plaintiff established a prima facie case of bias by submission of statements from the doctor's prior reports in other matters which indicate that he may be hostile toward a plaintiff seeking damages for pain and suffering based upon subjective complaints. Since a final

determination on this issue cannot be made from the record as it presently stands, and in view of the fact that plaintiff is willing to be examined by a doctor other than the one defendant designated *(see, Shapiro v Shapiro, supra,* at 539), the matter is remitted to Special Term for a hearing in which the designated doctor may be examined as to his bias under oath *(see, Flaherty v Olins Leasing,* 91 AD2d 970, 971), unless the defendant designates a different physician to examine the plaintiff. (Appeal from order of Supreme Court, Erie County, Francis, J.—discovery.) Present—Dillon, P. J., Denman, Boomer, Green and Davis, JJ.