OPINION OF THE COURT
Francis A. Affronti, J.
A legally unique and unprecedented motion now comes before this court wherein the plaintiff, Bradley P. Miller, seeks to vacate the notice for his physical examination, because the physician designated to perform the exam has a history of inflicting pain during his examinations. Dr. Austin *728 R Leve, a board-certified orthopedic surgeon, who is the defendant’s designated physician chosen to perform the examination, has an extensive resumé, including 33 years of experience in the Rochester medical community. He has also held teaching and staff positions at most of the area’s major hospitals. This motion, which is extremely novel in nature, is sought pursuant to CPLR 3103, and is premised upon allegations, all as detailed in numerous affidavits of former examinees, dating back to 1986, that Dr. Leve "has consistently caused harm to plaintiffs” and that he has "aggravated their pain and suffering.” Thus, these specific plaintiffs request that another doctor be selected for the examination, while defendant conversely asks that the proposed examination take place as scheduled.
By way of brief background, Mr. Miller commenced this negligence action against the defendant to recover damages for personal injuries he sustained in an accident occurring on defendant’s premises. Defendant initially scheduled the independent physical examination to take place in August 1991, but at that time, the plaintiffs objected to Dr. Leve, thereby leading to the instant motion.
Upon a review of the written protestations, it is clear that the claim derives from the belief that Dr. Leve, during his examinations, exerts excessive force and pressure upon the injured body parts, beyond limits which could comfortably be endured without substantial pain. Consequently, it is alleged that he has markedly "increased” their existing pain and symptomatology. According to the affidavits, the added pain occurred because of the physical demands Dr. Leve imposed upon the parties while extending and/or manipulating their limbs, back, or torso. Supposedly, and despite painful outbursts, the examination would continue unless it was abruptly terminated by the individual. Reference is likewise made that the physician manifests an apparent lack of concern and sensitivity for his examinees. Further, unsworn correspondence from treating physicians of some former complainants include opinions that their patients’ conditions were worsened by the forceful twisting and pushing, and that they were, in fact, reinjured. Counsel for plaintiffs affirmed that they too have personally attended physical exams with their clients, and that on these occasions, they witnessed the manipulation of extremities by Dr. Leve, which caused obvious undue pain and an exacerbation of existing injuries.
Meanwhile, Dr. Leve, along with his staff, and defendant’s *729 attorney, all vehemently refute the allegations. They assert that plaintiffs espousals are yet another example of a series of "concerted strategies,” "orchestrated efforts,” and "deliberate attacks” against him by a select number of the plaintiffs’ trial bar, designed to prevent him from using his expertise, while pointing out that several affidavits were executed a few years ago. The doctor argues that he has never hurt anyone, nor ever pushed, pulled, or forced a person through any activity during either his examinations or range of motion exercises. He admits, however, that occasionally he would "lightly” touch the injured area "to provide support, stability, and reduce strain,” or to indicate the direction of movement, and that at times he personally would perform the "maneuvers” solely as a helpful aid. In turn, defense counsel classifies each of the persons supporting the plaintiffs as a "whiner” and "complainer,” because they are displeased Dr. Leve did not find them to be suffering any disability or permanency as a result of their injuries.
The defendant has also candidly acknowledged that, while dissatisfied parties have filed formal complaints of misconduct against Dr. Leve with both local and State medical associations, all grievances were fully investigated and dismissed without disciplinary action, nor has any legal proceeding ever been commenced against him. Of interest, however, and as regards at least one such investigation, the Monroe County Medical Society (Rochester) stated in part, "that Dr. Leve needs to be more sensitive to his patients’ symptoms and concerns,” and accordingly, should have warned them "when the examination might be more painful or uncomfortable.” Significantly, as the parties agree, the current motion is not based upon contentions that the examiner is incompetent, prejudiced, hostile or biased to claimants or their attorneys, or "defense-oriented.” On the contrary, the sole reason for his requested exclusion in this case is because he allegedly "hurts” people.
The selection of another local examining physician, according to defendant, is unacceptable, since no one else possesses the keen examination and witness skills of Dr. Leve. In fact, in an apparent effort to demonstrate his objectivity and the baseless nature of the assertions, Dr. Leve emphasizes that he has performed medical examinations not only for defendants, but in several instances, for many plaintiffs as well, at the specific request of their attorneys, all of whom have "felt comfortable” with his services.
*730 Certainly, where valid reasons exist, a party may object to a designated physician and attempt to have another doctor conduct the examination for defendant. (See, 22 NYCRR 202.17 [a]; Casali v Phillips, 145 AD2d 941.) Therefore, defendant submits that Mr. Miller has failed to sufficiently recite any legal or sound objection to the examination by Dr. Leve, for unquestionably, in this regard, it is the plaintiff who bears the burden of sustaining such objection. (See, Hagmeier v Consolidated Rail Corp., 154 AD2d 893.)
Accordingly, and in light of the foregoing conflicting affidavits, and upon a review of the totality of all the documentary exhibits, it is determined that plaintiffs have established a prima facie case so as to warrant a referral to an evidentiary hearing on the issue of Dr. Leve’s potential disqualification as the examining physician. (See, Hagmeier v Consolidated Rail Corp., supra.) Said hearing will permit this court a full and complete opportunity to evaluate and assess the credibility of the various witnesses and allow for a final determination on the merits herein.
At that time, should it be determined that Dr. Leve has caused harm to his examinees, then disqualification will result.