■ ALI WHIPPLE, an Infant, by REBECCA WHIPPLE, Her Mother and Guardian, et al., Respondents, v EDWARD A. MYERS, D.D.S., P. C., Appellant, et al., Defendants and Third-Party Plaintiffs. ARTHUR M. GENSIOR, Third-Party Defendant-Respondent. [651 NYS2d 234] —Mikoll, J. P. Appeal from an order of the Supreme Court (Torraca, J.), entered July 27, 1995 in Sullivan County, which denied a motion by defendant Edward A. Myers, D.D.S., P. C. for a protective order vacating the notice of physical examination served by third-party defendant.

Plaintiff Rebecca Whipple commenced this dental malpractice action against defendants, Gunther B. Goldsmith and Edward A. Myers, D.D.S., P. C., as a result of the negligent extraction of a tooth of her daughter, plaintiff Ali Whipple (hereinafter Whipple). Defendants, in turn, commenced a third-party action against Arthur M. Gensior, an orthodontist who also treated Whipple. Although the case was subsequently placed upon the trial calendar, the note of issue was vacated upon the condition that plaintiffs submit to further discovery. Thereafter, Gensior served upon Whipple a notice of independent physical examination to be conducted by Gensior himself. Myers moved for a protective order vacating the notice of physical examination. Supreme Court, however, denied the motion and Gensior subsequently conducted a physical examination of Whipple. Myers now appeals.

Although CPLR 3121 (a) authorizing such examination does not exclude a party-physician from examining the party whose physical condition is in controversy, it was error for Supreme Court to permit Gensior to conduct the examination under the present circumstances. Where valid reasons exist, a party may object to the designation of a physician and seek to have another doctor selected to conduct the examination (see, Casali v Phillips, 145 AD2d 941, 942). We find that adequate reasons were established here to deny Gensior's request to conduct an examination of Whipple.

The potential prejudice to defendants is self-evident in this case. From the pleadings, it is obvious that Gensior's position in this litigation is adverse to that of the other two defendants. Gensior's objectivity is suspect due to his personal stake in the outcome of the litigation. Additionally, one of the defendants, Myers, testified against Gensior in a previous malpractice action which was resolved against Gensior. This circumstance casts an appearance of bias and partiality on his part. The other defendants would be at a disadvantage were Gensior permitted to conduct what is to be an independent examina-

tion. Under such circumstances, Supreme Court erred in not vacating the order directing the examination. Such examination obviously would not fulfill the purpose of CPLR 3121, which is to narrow, if possible, the areas of medical dispute (*see, Jakubowski v Lengen*, 86 AD2d 398).

Yesawich Jr. and Peters, JJ., concur.

Mercure, J. (dissenting). We respectfully dissent. In view of the fact that the examination has already taken place, we would dismiss the appeal as moot.

Nor are we persuaded that Supreme Court erred in permitting the examination in any event. Certainly, the majority does not contest the right of Arthur M. Gensior (third-party defendant) to obtain full discovery of plaintiff Ali Whipple's current dental condition, through physical examination or otherwise. For Gensior to conduct the examination strikes us as entirely appropriate, particularly in view of the fact that plaintiffs appear to have voiced no objection. It appears that the "self-evident prejudice" underlying the majority's position relates not to the examination at issue here but to the fact that the results of the examination may assist Gensior in his trial testimony. However, no one can rationally question a party's right to testify at trial, even the right to render an expert opinion if qualified, and we are unaware of any rule of law that would deny discovery to a party on the ground that it may assist his testimony. To the contrary, usefulness is the modern test for disclosure (*see, Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406). Finally, we have no doubt that the trier of fact will be made aware of Gensior's interest in the litigation and take that factor into effect in weighing his testimony.

Crew III, J., concurs. Ordered that the order is reversed, on the law, with costs, and motion granted.