■ ARLENE PETTWAY et al., Respondents, v STANISLAUS OGBONNA, Appellant. [689 NYS2d 725] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered August 26, 1998 in Sullivan County, which granted plaintiffs' motion for a protective order.

In this personal injury action, defendant scheduled an independent medical examination of plaintiff Arlene Pettway (hereinafter plaintiff) by Martin Altchek, an orthopedic surgeon. Claiming that Altchek was biased and hostile toward plaintiff (see, CPLR 3103; 22 NYCRR 202.17 [a]), she and her spouse, in his derivative action, thereupon moved for, and succeeded in obtaining, a protective order vacating defendant's notice fixing the time and place of the examination. Defendant appeals.

The right of a defendant to have the plaintiff submit to a physical examination by a doctor of defendant's choosing (see, CPLR 3121; 22 NYCRR 202.17) is not absolute; if valid reasons exist, a court may order selection of another doctor to conduct the examination (see, Whipple v Myers, 234 AD2d 833; Casali v Phillips, 145 AD2d 941, 942). It is apparent from this record, which contains excerpts from medical reports prepared by Altchek and transcripts of trial testimony given by him in other personal injury cases, that he has an unabashed antipathy to those seeking damages for pain and suffering based upon subjective complaints. This predisposition, coupled with the expressed concern by plaintiffs' counsel (not dispelled in the record) that Altchek may well be biased against him because he had previously been involved in litigation directed at the doctor—including a case tried to verdict against the latter—leads us to conclude Supreme Court did not abuse its discretion in granting plaintiffs the relief sought (see, 22 NYCRR 202.17 [j]; see also, Hagmeier v Consolidated Rail Corp., 154 AD2d 893).

Mikoll, J. P., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.