CHRISTOPHER DiMARE, et al., Appellants, v CHRISTINE O'ROURKE et al., Respondents. [825 NYS2d 273]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Strauss, J.), dated December 12, 2003, which conditionally granted that branch of the defendants' motion pursuant to CPLR 3126 which was to dismiss the complaint unless the plaintiffs appeared for depositions on or before January 16, 2004, and for physical examinations on or before January 30, 2004, denied that branch of their cross motion which was to vacate a prior order of the same court dated July 30, 2003, directing the plaintiffs to appear for depositions on or before August 13, 2003, and to undergo physical examinations on or before August 8, 2003, and, in effect, granted that branch of their cross motion which was to set new dates for depositions and physical examinations.

Ordered that the appeal is dismissed, with costs.

Pursuant to CPLR 5511, only an aggrieved party may appeal from an order or judgment. To be "aggrieved," the party must have "a direct interest in the controversy which is affected by the result," and the adjudication must have "a binding force against the rights, person or property of the party" (*Matter of Richmond County Socy. for Prevention of Cruelty to Children*, 11 AD2d 236, 239, *affd* 9 NY2d 913 [1961]; *see Hayden v Catholic Home Bur.*, 298 AD2d 557 [2002]). Since the plaintiffs were not aggrieved within the meaning of CPLR 5511 by the order appealed from which, in effect, granted that branch of their cross motion which was to set new dates for depositions and physical examinations, the appeal must be dismissed (*see Matter of Meadowdale Assoc. v Planning Bd. of Town of Colonie*, 70 NY2d 669 [1987]; *Jobco, Inc. v County of Nassau*, 129 AD2d 614, 616 [1987]). Schmidt, J.P., Santucci, Spolzino and Lifson, JJ., concur.