■ AMS Products, LLC, Doing Business as Object Design Manufacturing, Appellant, v Paul L. Signorile, Respondent. [886 NYS2d 830]—

In an action to recover damages for breach of contract and for a permanent injunction, inter alia, enjoining the defendant from soliciting directly or indirectly any of the customers of his former company, the assets of which he sold to the plaintiff, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered May 9, 2008, as granted its motion for a preliminary injunction enjoining the defendant from manufacturing or selling such goods in the New York City metropolitan area as were manufactured and sold by that company.

Ordered that the appeal is dismissed, without costs or disbursements.

Only an aggrieved party may appeal from an order or judgment pursuant to CPLR 5511 (see Unitrin Advantage Ins. Co. v Duclaire, 49 AD3d 863 [2008]). Where a party obtains the relief it seeks from the Supreme Court, is not aggrieved by that order (id.; see DiMare v O'Rourke, 35 AD3d 346 [2006]; Evans v Nab Constr. Corp., 80 AD2d 841 [1981]).

Here, the plaintiff, by its motion, sought a preliminary injunction enjoining the defendant from "engaging in any business, trade or occupation" within the New York City metropolitan area that was "similar to the one" he sold to the plaintiff. The Supreme Court granted all of the relief requested in the plaintiff's motion. Consequently, the plaintiff is not an aggrieved party.

To the extent that the plaintiff requests relief on this appeal which was not sought before the Supreme Court, that request is not properly before this Court. Mastro, J.P., Miller, Angiolillo and Austin, JJ., concur.