■ Veronica Lewis et al., Respondents, v Anthony F. John et al., Appellants, et al., Defendant. [928 NYS2d 78]—

The plaintiff Veronica Lewis (hereinafter the injured plaintiff) and her husband, suing derivatively, commenced this action against, among others, the defendants Anthony F. John and Takis Corp. (hereinafter together the defendants) to recover damages allegedly sustained as a consequence of a motor vehicle accident, which occurred on September 23, 2008. The plaintiffs alleged, in their initial verified bill of particulars, dated October 6, 2009, and their first supplemental bill of particulars, dated October 28, 2009, that the injured plaintiff sustained injuries to her neck, back, left shoulder, and left hand as a result of the defendants' negligence.

On April 1, 2010, the injured plaintiff was examined, at the defendants' request, by Dr. Lisa Nason, an orthopedist. Thereafter, on April 28, 2010, the plaintiffs filed a note of issue and certificate of readiness.

In October 2010 the plaintiffs served a second supplemental verified bill of particulars and a third supplemental verified bill of particulars, in which they alleged that, as a result of the defendants' negligence, the injured plaintiff sustained medial and lateral meniscal tears to her right knee, requiring a surgical repair. The defendants served upon the plaintiffs a request for an additional orthopedic examination of the injured plaintiff, to be conducted by Dr. Steven Robbins. The plaintiffs objected to the examination solely on the basis that it should be conducted by Dr. Nason, who performed the first orthopedic examination on behalf of the defendants, and not by Dr. Robbins.

The defendants moved to strike the plaintiffs' second and third supplemental bills of particulars or, in the alternative, to preclude the plaintiffs from offering any testimony or evidence with respect to the injured plaintiff's knee surgery unless the injured plaintiff appeared for an examination by Dr. Robbins. The plaintiffs opposed the motion only to the extent that they argued that Dr. Nason, rather than Dr. Robbins, should conduct the further orthopedic examination of the injured plaintiff.

The Supreme Court denied the defendants' motion on the condition that the injured plaintiff appear for an examination by Dr. Nason within 45 days of its order. The defendants appeal, and we reverse the order insofar as appealed from.

Contrary to the plaintiffs' contention, the defendants were aggrieved by the order of the Supreme Court (see CPLR 5511; AMS Prods., LLC v Signorile, 66 AD3d 929 [2009]; Unitrin Advantage Ins. Co. v Duclaire, 49 AD3d 863 [2008]).

"While discovery determinations rest within the sound discretion of the trial court, the Appellate Division is vested with a corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745 [2000]; see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). CPLR 3121 (a) provides that, where the physical condition of the plaintiff is in controversy, "any party may serve notice on another party to submit to a physical . . . examination by a designated physician" (emphasis added). Although a plaintiff may challenge a defendant's choice of an examining physician, the challenge must be based upon a claim of bias against the plaintiff or his or her attorney by the designated examining physician (see Noteboom v Shugrue, 306 AD2d 453 [2003]) or prejudice against the plaintiff if that examining physician is allowed to testify at trial (see Whipple v Edward P. Myers, D.D.S., P.C., 234 AD2d 833 [1996]).

Here, there was no evidence that Dr. Robbins was biased

against the plaintiffs or their counsel, or that the plaintiffs would be prejudiced if Dr. Robbins, rather than Dr. Nason, performed the second orthopedic examination. As such, it was an improvident exercise of discretion for the Supreme Court to require the defendants to utilize Dr. Nason for the second orthopedic examination of the injured plaintiff instead of their designated physician, Dr. Robbins (*see* CPLR 3121 [a]). Mastro, J.P., Chambers, Austin and Cohen, JJ., concur.