Lahtinen, J.
Appeal from an order of the Supreme Court (O’Shea, J.), entered February 14, 2013 in Chemung County, which, among other things, denied plaintiffs’ motion for a protective order.
Plaintiffs commenced this negligence action alleging various injuries caused by exposure to lead paint when they were children residing in apartment buildings managed or owned by defendants. Defendants served a notice to have plaintiffs examined by psychologist Thomas Griffiths. Plaintiffs moved for a protective order disqualifying Griffiths as the examiner or, alternatively, precluding Griffiths from asking questions regarding “socioeconomics, eugenic[s] or euthenics” and permitting videotaping of the examination. Defendants cross-moved to preclude videotaping or observation of the examination by counsel. Supreme Court denied plaintiffs’ motion and partially granted defendants’ cross motion. The court, among other things, determined that plaintiffs could have counsel or a representative present during the examination provided that such person remained five feet behind the person being examined and “not use a computer, cell phone or other electronic device during the evaluation, and . . . not record the evaluation or speak with . . . Griffiths or anyone else during the evaluation.” Plaintiffs appeal.
We affirm. “ ‘[The] trial court has broad discretionary power in controlling discovery and disclosure’ ” (Matter of Scaccia, 66 AD3d 1247, 1249 [2009], quoting Allen v Krna, 282 AD2d 946, 947 [2001]). “Although we can substitute our discretion for that *1121 of the trial court regarding disclosure, we typically limit our review to whether the trial court clearly abused its discretion” (Herbenson v Carrols Corp., 101 AD3d 1220, 1221 [2012] [citations omitted]). While plaintiffs’ counsel has dealt with Griffiths in previous cases and does not agree with his approach in lead exposure cases, nonetheless the record does not reflect a level of biased or unabashed antipathy by Griffiths such that it constituted an abuse of discretion for Supreme Court to permit defendants to use this expert (see Lewis v John, 87 AD3d 564, 565-566 [2011]; Noteboom v Shugrue, 306 AD2d 453, 453 [2003]; cf. Pettway v Ogbonna, 261 AD2d 700, 700 [1999]). Nor are we persuaded that Supreme Court erred in denying plaintiffs’ request that Griffiths be precluded from inquiring about plaintiffs’ family history as part of his examination (see Derr v Fleming, 106 AD3d 1240, 1243 [2013]; Cunningham v Anderson, 85 AD3d 1370, 1374-1375 [2011], lv dismissed and denied 17 NY3d 948 [2011]). Finally, Supreme Court acted well within its discretion in prohibiting video or audio recording of the psychological examinations since plaintiffs failed to establish sufficient special or unusual circumstances justifying such recording (see Flores v Vescera, 105 AD3d 1340, 1340 [2013]; Lamendola v Slocum, 148 AD2d 781, 781 [1989], lv dismissed 74 NY2d 714 [1989]).
Peters, EJ., Rose and Garry, JJ., concur. Ordered that the order is affirmed, with one bill of costs.