**Bird v City of New York**

2024 NY Slip Op 33869(U)

October 29, 2024

Supreme Court, New York County

Docket Number: Index No. 159126/2021

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. HASA A. KINGO**  PART  **05M**

*Justice*

-----------------------------------------------------------------------------X

TOBY BIRD,

Plaintiff,

- v -

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, OFFICER MATTHEW RIOS, JOHN DOES
1-18, PERSONS EMPLOYED BY THE CITY OF NEW
YORK

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159126/2021 |
| MOTION DATE | 09/20/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69

were read on this motion to      STRIKE PLEADINGS      .

Upon consideration of the aforementioned papers submitted on Plaintiff Toby Bird's ("Plaintiff") motion to strike Defendant City of New York's ("City") answer due to alleged repeated failures to comply with court-ordered discovery, this court hereby issues the following decision denying the motion to strike, but granting the request to compel the City to produce outstanding discovery.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff has asserted that despite the issuance of multiple court orders and repeated extensions, the City has failed to produce significant portions of the requested discovery materials, including roll calls, geographical tours of duty, audio and video records, and incident reports relevant to the June 1, 2020 incident involving Plaintiff and NYPD officers. Plaintiff argues that

**159126/2021  BIRD, TOBY vs. CITY OF NEW YORK ET AL**
**Motion No.  002**

**Page 1 of 5**

1 of 5

the City's continued non-compliance reflects a pattern of delay, suggesting bad faith, and seeks an order striking the City's answer under CPLR §§ 3122 and 3126.

In response, the City contends that it has made substantial and good-faith efforts to comply with its discovery obligations. In its opposition, the City asserts that it has been actively working to address Plaintiff's demands, but certain complications have arisen, particularly in identifying unnamed officers allegedly involved in the incident. The City argues that it has submitted responses on a rolling basis, provided witness depositions, and conducted internal inquiries to resolve outstanding issues, thus rendering the motion to strike inappropriate.

## DISCUSSION

Striking a party's pleading is a severe sanction, reserved for cases of "willful, contumacious, or bad-faith" non-compliance (*see Henderson-Jones v. City of New York*, 87 AD3d 498, 504 [1st Dept 2011]; *McGilvery v. New York City Tr. Auth.*, 213 AD2d 322 [1st Dept 1995]). The Appellate Division, First Department, has emphasized that such extreme measures are to be applied sparingly and only upon a clear demonstration that a party's conduct in failing to comply with discovery obligations reflects a pattern of obstruction (*see Bassett v. Bando Sangsa Co.*, 103 AD2d 728 [1st Dept 1984]). Courts generally prefer to resolve cases on their merits rather than impose sanctions that may prejudice a party's ability to defend the case (*see Pascarelli v. City of New York*, 16 AD3d 472, 472 [2d Dept 2005]).

In this case, Plaintiff has adequately demonstrated considerable difficulty in obtaining essential discovery materials. The City's repeated delays and incomplete compliance are documented through prior motions, numerous emails, and extensive time expended by Plaintiff's counsel in pursuit of discovery. Although the City has made some efforts to comply, its actions to

**159126/2021   BIRD, TOBY vs. CITY OF NEW YORK ET AL**
**Motion No.  002**

**Page 2 of 5**

2 of 5

date remain insufficient given the passage of time and previous orders by this court, particularly with respect to providing legible copies of logs and certain records that could identify the involved officers.

Nevertheless, the severe penalty of striking the City's answer is inappropriate in the absence of a more explicit showing of willful and contumacious behavior by the City (*see Grabow v. Blue Eyes, Inc.*, 123 AD2d 155, 158 [1st Dept1986]). The City has presented a reasonable excuse for some of its delays, notably citing the unusual complexities surrounding the identification of John Doe defendants from various precincts during a period of high police deployment due to protests.

Still, the Appellate Division, First Department, recognized in *Figdor v. City of New York*, that monetary sanctions are sometimes warranted to address discovery abuses when "the cavalier attitude of defendant, resulting…in substantial and gratuitous delay and expense, should not escape adverse consequence" (33 AD3d 560, 561 [1st Dept 2006]).

Given the applicable case law and the court's commitment to balancing fairness and judicial efficiency, Plaintiff's motion to strike the City's answer is denied at this time. However, the City is directed to produce the outstanding, specifically enumerated discovery items—including legible copies of any previously submitted but unusable documents—within thirty (30) days of this order. Failure by the City to substantially comply with this directive may result in the court entertaining a renewed application to strike the City's answer, along with consideration of appropriate sanctions under CPLR § 3126.

Accordingly, it is hereby

ORDERED that Plaintiff's motion to strike the City's answer is denied; and it is further

**159126/2021   BIRD, TOBY vs. CITY OF NEW YORK ET AL**
**Motion No.  002**

**Page 3 of 5**

3 of 5

ORDERED that Plaintiff's motion is granted to the extent that within 30 days of the date of this order, the City shall provide a further amended response to the court's Supplemental Response to the July 23, 2024 Order that fully complies with CPLR Rule 3122 (a) and 22 NYCRR § 202.20-a in that it specifically identifies, by bates stamp number, which documents are responsive to which request; and it is further

ORDERED that to the extent document productions are not fully and thoroughly completed within 30 days, the City is directed to file an affidavit from a person of knowledge (who is not counsel) describing in detail the affirmative steps taken towards compliance, such affidavit evincing a plan to fully and thoroughly comply with all provisions of this order, and evincing diligent progress towards that end, and such detailed description of affirmative steps taken including: the timing of each step, the nature and scope of each step (including the method and/or parameters of searching, and the custodial source interrogated, e.g. witness or records), the provisions each such step is directed to address; the results or status of each step (i.e. whether a search is complete, whether responsive documents have been identified, and if so a description of the documents), and anticipated time of completion (whether document production, or a representation that no responsive documents exist) no later than Monday November 18, 2024; and it is further

ORDERED that the City is directed to provide full legible copies of the 70th Precinct Command Log, as well as any additional roll calls, geographical tours of duty, photographs, audios and/or videos, prisoner/booking/evidence logs, and materials identifying the involved officers, and incident and other reports; and it is further

**159126/2021   BIRD, TOBY vs. CITY OF NEW YORK ET AL**
**Motion No. 002**

**Page 4 of 5**

4 of 5

ORDERED that the City's failure to respond the items enumerated above may result in this court entertaining a renewed application to strike the City's answer, along with consideration of appropriate sanctions under CPLR § 3126.

This constitutes the decision and order of the court.

20241029165146HKING0E2140057106C4A4BAB805BE76813B2F

_____
10/29/2024
DATE

_____
HASA A. KINGO, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

159126/2021   BIRD, TOBY vs. CITY OF NEW YORK ET AL
Motion No.  002

Page 5 of 5

5 of 5