■ In the Matter of RUFUS LEE, Petitioner, v. COUNTY COURT OF ERIE COUNTY et al., Respondents.— Petition unanimously granted to the extent stated in the memorandum herein and judgment directed in favor of petitioner in accordance therewith, with costs to petitioner. Memorandum: In this article 78 proceeding in the nature of prohibition petitioner seeks to vacate an order of Erie County Court which struck from the record his plea of not guilty by reason of insanity, precluded him from offering psychiatric evidence at the trial and restored the first degree murder indictment against him to the court calendar for trial. The order was granted on motion of the District Attorney which disclosed that petitioner had refused to answer questions put to him by two psychiatrists appointed pursuant to a court order to examine him to determine his mental condition at the time of the crime (Code Crim. Pro., § 658). The order provided that petitioner's attorney might attend the examination. It also provided that in the event of petitioner's refusal to answer questions deemed pertinent by the designated psychiatrists the court would entertain a motion to strike the defense of insanity. In our opinion County Court exceeded its authorized powers in striking petitioner's defense of insanity. Under the circumstances of this case prohibition should be granted because appeal would not provide a satisfactory remedy (cf. *Schlagenhauf* v. *Holder,* 379 U. S. 104, 110). While the petition should be granted there should be a new full scale mental examination of petitioner uninfluenced by the presence of nonmedical persons. (*People* v. *DiPiazza,* 24 N Y 2d, 342, 353.) The examining psychiatrists reported that Mr. Lee was under the influence of his attorney, he refused to answer questions at the attorney's behest and in view of Mr. Lee's adamant refusal to divulge any information about his behavior at the time of the alleged murder they could not make an assessment of his competency at that time. " The presence of a third party, in a legal and non-medical capacity, would severely limit the efficacy of the examination ". (*United States* v. *Albright,* 388 F. 2d 719, 726; see, also, *State* v. *Whitlow,* 45 N. J. 3, 27, 28; *Rollerson* v. *United States,* 343 F. 2d 269, 274; *United States* v. *Baird,* 414 F. 2d 700, 711.) The judgment granting the petition is, therefore, made without prejudice to a motion by the People to amend the order of Erie County Court dated September 19, 1969 by striking the fourth and fifth ordering paragraphs thereof and adding a provision that defendant be committed for a reasonable period not to exceed 60 days for observation and examination (see Code Crim. Pro., §§ 658, 660; *People* v. *DiPiazza,* supra, p. 351) and also to provide that any statement made by defendant for the purpose of the examination shall be inadmissible in evidence against him in any criminal action on any issue other than that of his mental condition. (See *United States* v. *Albright, supra,* p. 725; *United States* v. *Baird, supra,* p. 708; Proposed New York Criminal Procedure Law, § 730.20, subd. 6.) (Application pursuant to article 78 CPLR to reinstate plea of not guilty by reason of insanity.) Present — Del Vecchio, J. P., Marsh, Witmer, Gabrielli and Henry, JJ.