■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, et al., Intervenors-Plaintiffs, v SKYLIFT INTERNATIONAL, INC., Defendant, and COUNTY OF SUFFOLK, Respondent.—In an action for a declaratory judgment and injunctive relief, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County, dated June 12, 1979, as granted defendant Suffolk County's motion for a protective order as to Items Nos. 6 through 11 of plaintiff's notice for discovery and inspection. Order reversed insofar as appealed from, without costs or disbursements, and the county's motion for a protective order with respect to Items Nos. 6 to 11 inclusive is denied. The county's time to comply with the notice is extended until 20 days after service upon it of a copy of the order to be entered hereon, together with notice of entry thereof. On this appeal respondent, Suffolk County, seeks to justify the granting of the protective order with respect to Items Nos. 6 through 11 of appellant's notice of discovery on the grounds of burdensomeness and lack of specificity. These items are "material and necessary" in the prosecution of appellant's action (see CPLR 3101, subd [a]). The burden of justifying a protective order was upon the county (see *Weisgold v Kiamesha Concord*, 51 Misc 2d 456, 459-460; 7 Carmody-Wait 2d, NY Prac, § 42:172). Referring to "massive quantities of papers", without providing any factual particulars, does not satisfy this burden. Accordingly, discovery should have been granted as to Items Nos. 6 through 11. Hopkins, J. P., Damiani, Cohalan and Gibbons, JJ., concur.