OPINION OF THE COURT
Vincent R. Balletta, J.
This is a motion by defendant for an order striking plaintiffs’ interrogatories and a cross motion by plaintiffs for an order directing the defendant to respond to the plaintiffs’ interrogatories.
In this medical malpractice action, examinations before trial of all parties were conducted on August 14, 1979. On August 31, 1979, plaintiffs served a demand for interrogatories which are the subject of the within motions.
*39 Prior to September 1, 1979, CPLR 3130 provided for the use of interrogatories in all actions other than personal injury actions sounding in negligence. However, the Legislature has recently amended CPLR 3130 (L 1979, ch 197), effective September 1, 1979, to provide as follows:
"§ 3130. Use of interrogatories
"After commencement of an action, any party may serve upon any other party written interrogatories. A party may not serve written interrogatories on another party and also demand a bill of particulars pursuant to section 3041 nor, in the case of an action to recover damages for an injury to property or a personal injury resulting from negligence or wrongful death, take a deposition pursuant to rule 3107 without leave of court.”
Plaintiffs contend that by virtue of said amendment, they are now permitted to conduct a deposition of the defendant in this action as well as to require him to respond to interrogatories, and that no "special circumstances” need be shown in order to obtain the required court order. In support of their position, they enclose a copy of the Governor’s memorandum wherein he approved the bill, stating: "The Commission states that it is unclear why this legislation would require leave of the court when oral depositions are desired in addition to interrogatories.” (McKinney’s 1979 Session Laws of NY, p 1772.) However, the defendant argues that "special circumstances” must be shown and that there has been no showing of such "special circumstances” so as to permit the plaintiffs to avail themselves of both disclosure devices.
In this case of first impression, in determining whether a party in an action sounding in negligence is entitled to both an examination before trial and interrogatories, this court will look to the statute itself as well as companion discovery statutes which require- court orders and which are in CPLR article 31. It is interesting to note that CPLR 3120 (subd [b]), by its own terms, does not require specifically a showing of "special circumstances”, whereas CPLR 3101 (subd [a], par [4]) specifically requires a showing of "special circumstances” when discovery is sought to be obtained from a nonparty. Juxtaposed to the statutory requirement of "special circumstances” found in CPLR 3101 (subd [a], par [4]), CPLR 3106 (subd [c]), which deals with the deposition of a prisoner, and 3120 (subd [b]), dealing with discovery and inspection of a nonparty, have no such requirement of a showing of "special *40 circumstances” although both require a court order. Professor Siegel in his commentaries to CPLR 3120 (Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3120, p 523), discussing the requirement of a court order for discovery and inspection against a nonparty witness states: "against a nonparty under (b) it must be by court order. This enables the court to determine whether the discovery against the non-party is reasonably necessary.”
In examining CPLR 3130, it is clear that the Legislature did not intend to provide a party in an action based upon negligence with the unfettered right to conduct an examination before trial as well as to serve interrogatories. Had the Legislature intended such to be the case, as in every other type of action brought in this court, it would have simply omitted the requirement of a court order. It is clear that the Legislature, in providing for expanded discovery proceedings in negligence actions, intended something more. Indeed, to read the statute in any other way would render the requirement for obtaining an order of this court meaningless.
It is the opinion of this court that had the Legislature envisioned the requirement of a showing of "special circumstances”, such requirement would have specifically been contained in the statute, as is the case in CPLR 3101 (subd [a], par [4]). It is clear that the Legislature intended a showing by the party seeking discovery that the use of both discovery devices is reasonably necessary. The mere application without more is insufficient.
An examination of the papers submitted in connection with this motion shows that the plaintiffs have not established to the satisfaction of this court that it is reasonably necessary for the plaintiffs to avail themselves of the disclosure device of interrogatories when they have previously been afforded a complete examination before trial of the defendant.
Accordingly, the defendant’s motion for an order striking the plaintiffs’ interrogatories shall be granted, and the plaintiffs’ cross motion denied in a short form order to be signed simultaneously herewith.