OPINION OF THE COURT
Aaron D. Bernstein, J.
The defendant seeks a protective order and moves to strike the plaintiff’s interrogatories. The plaintiff has already conducted examinations before trial of two of the defendant’s witnesses in this negligence action. The plaintiff now seeks answers to a set of interrogatories and the defendant moves to strike the said demand.
Interrogatories are permitted in a negligence action but they cannot be used once a deposition of the other side has been taken, without first securing the court’s permission (CPLR 3130). The plaintiff did not seek the leave of the court to serve the interrogatories — rather, he argues that both interrogatories and depositions are allowed in this case because the examinations before trial were conducted prior to the effective date of the statute preventing both interrogatories and depositions.
Before its 1979 amendment, CPLR 3130 did not permit the use of interrogatories in negligence actions, but allowed them in all other actions. The prior statute did not prevent *5 the use of both interrogatories and depositions. The plaintiff seeks to benefit from the statute prior to its amendment which permitted the use of both interrogatories and depositions. In order to do so, however, he seeks relief that is only permitted him under the amended statute. The plaintiff, in effect, is culling from the prior statute and its amended version the portions which benefit him.
The amendment, effective September 1, 1979, is to be given prospective effect and the present version of the section is to be applied in its entirety. The court holds, therefore, that the defendant’s motion to strike the demand for interrogatories is granted, because depositions have already been taken.
A recent case held that “special circumstances” need not be demonstrated by the party seeking leave to use both interrogatories and depositions (Yandolino v Cohen, 102 Misc 2d 38). For the purpose of expediency, the court will treat the plaintiff’s opposition as an application for leave to use written interrogatories. The court finds no cause to permit the use of interrogatories, since many of the items requested in the interrogatories are either improper or overlap that material secured by plaintiff in other discovery.
The motion is granted.