■ GLORIA LAMENDOLA et al., Appellants, v WILLIAM C. SLOCUM, JR., et al., Respondents.—Mercure, J. Appeal from an order of the Supreme Court (Duskas, J.), entered April 25, 1988 in St. Lawrence County, which, *inter alia,* granted defendants' cross motion to compel plaintiff Gloria Lamendola to submit to a physical examination without permitting either videotaping or the presence of her attorney.

Plaintiffs commenced this action for personal injuries and loss of consortium allegedly sustained as a result of a motor vehicle accident. Pursuant to CPLR 3121, defendants served upon plaintiff Gloria Lamendola a notice to submit to a physical and neurological examination concerning the injuries alleged in plaintiffs' complaint. Plaintiffs moved for a protective order permitting them to videotape the physical examination; defendants cross-moved for an order compelling Lamendola to submit to an examination unrestricted by videotaping or the presence of her attorney. Supreme Court denied the motion and granted the cross motion. Plaintiffs appeal.

Turning first to plaintiffs' contention that the entire physical examination should be videotaped, we note the absence of express statutory authority for the videotaping of medical examinations *(see,* CPLR 3121; 22 NYCRR 202.17). To be contrasted, a companion rule expressly authorizes the videotaping of civil depositions *(see,* 22 NYCRR 202.15). We conclude that authorization of videotaping was intentionally left out of the rule concerning exchange of medical reports and such intent should be accorded deference *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 74). Moreover, in our view, Supreme Court acted within the scope of its broad discretion in denying plaintiffs' motion *(see, Plattsburgh Distrib. Co. v Hudson Val. Wine Co.,* 108 AD2d 1043, 1045; *Maggio v State of New York,* 88 AD2d 1087, 1088). In *Mosel v Brookhaven Mem. Hosp.* (134 Misc 2d 73), relied on by plaintiffs, the trial court exercised its discretion to permit the videotaping of the physical examination of a semicomatose, incompetent plaintiff, reasoning that the plaintiff would be unable to either review the examination with his attorney or testify at trial as to the manner in which the examination was conducted *(supra,* at 75). Here, in the absence of such special and unusual circumstances, we find no basis to disturb Supreme Court's determination.

We reach a different conclusion, however, with respect to defendants' cross motion to compel Lamendola's medical examination in the absence of her attorney. Since there is no indication, as we view the record, that plaintiffs' attorney

would interfere with the conduct of the examination, it was an abuse of discretion for Supreme Court to grant the cross motion to the extent it sought to exclude him *(see, Ponce v Health Ins. Plan,* 100 AD2d 963, 964; *Jakubowski v Lengen,* 86 AD2d 398, 400-401; 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3121.07). It should be noted, however, that the attorney's function is "limited to the protection of the legal interests of his client" and in regard to the "actual physical examination * * * he has no role" *(Jakubowski v Lengen, supra,* at 401).

Order modified, on the law, without costs, by reversing so much thereof as compelled plaintiff Gloria Lamendola to submit to a medical examination in the absence of her attorney; cross motion denied to that extent; and, as so modified, affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.