■ ABIE FARCA et al., Appellants, v IRVING SEMAH et al., Respondents.—In a negligence action to recover for property damage, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Williams, J.), dated April 6, 1990, as denied their motion to dismiss the defendants' answer or, in the alternative to direct the defendants to appear for a deposition, and as granted that branch of the defendants' cross motion which was for a protective order pursuant to CPLR 3130 as to the plaintiffs' notice to take a deposition.

Ordered that the order is modified (1) by deleting the provision thereof granting that branch of the defendants' motion which was for a protective order pursuant to CPLR 3130 as to the plaintiffs' notice to take deposition, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiffs' motion which was to direct the defendants to appear for a deposition and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs, and the deposition shall be conducted at times and places to be set forth in written notices of at least 10 days, or at such times and places as the parties may agree.

The plaintiffs brought this action to recover for property damage due to a fire allegedly caused by the defendants' negligence. After initially notifying the defendants of their intention to conduct depositions, the plaintiffs served a demand for interrogatories on them after the defendants requested that their depositions be adjourned until a later date. After several more adjournments of the deposition date, the plaintiffs moved for an order, *inter alia,* directing the defendants to appear for a deposition on a date certain. The defendants cross-moved, *inter alia,* for a protective order as to the plaintiffs' notice to take deposition. That branch of the

defendants' cross motion was granted pursuant to CPLR 3130 on the ground that the plaintiffs had previously sought disclosure by the use of interrogatories in an action grounded solely on negligence.

CPLR 3130 (1) precludes a party from using both depositions and interrogatories against another party in an action based solely on negligence without leave of the court. While we agree that the plaintiffs' action is based solely in negligence, we find that, as a matter of discretion, "leave of court" as authorized by CPLR 3130 should have been granted under these particular facts (see, Niesig v Team I, 149 AD2d 94, 108, affd as mod 76 NY2d 363). We note that the court could have treated the plaintiffs' opposition to the cross motion for a protective order as an application to conduct the depositions (see, Greene v New York City Hous. Auth., 105 Misc 2d 4). The court may issue a protective order if the second disclosure device was intended, inter alia, to unreasonably annoy, disadvantage, or otherwise prejudice the defendants (CPLR 3103 [a]). Absent such circumstances, the court should grant permission to use the second discovery device (see, 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3130.02). In this case, such circumstances were not present, especially since the plaintiffs' demand for interrogatories was initially limited in scope and, eventually, withdrawn. Thompson, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.