■ CHRISTOPHER A. BRIGNOLA et al., Appellants, v PEI-FEI LEE, M.D., P. C., et al., Respondents. [597 NYS2d 250] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Spain, J.), entered June 29, 1992 in Rensselaer County, which granted defendants' motion for a protective order.

Because of the complexity of the subject matter of this

medical malpractice action involving surgery and diseases of the eye, plaintiffs' counsel made arrangements to have a medical expert present at the deposition of defendant Pei-Fei Lee (hereinafter defendant) to aid in understanding the testimony and formulating questions. Made aware of this, defendants objected and secured a protective order precluding plaintiffs' expert from being present at the deposition. Plaintiffs appeal.

Trial courts are vested with broad discretion to issue appropriate protective orders to limit discovery. But this discretion is to be exercised with the competing interests of the parties and the truth-finding goal of the discovery process in mind. As a consequence, the general preference for allowing discovery must be balanced against the objecting party's prerogative to be free of "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice" (CPLR 3103 [a]; *see, Cynthia B. v New Rochelle Hosp. Med. Ctr.,* 60 NY2d 452, 461). For a protective order to be issued, a factual showing of prejudice, annoyance or privilege must be made *(see, Brossoit v O'Brien,* 169 AD2d 1019, 1020; *People v Skylift Intl.,* 72 AD2d 599).

Where, as here, the issues are complex and technical, the assistance of one trained in the subject matter can greatly increase counsel's ability to conduct a meaningful and effective interrogation. This militates in favor of allowing such assistance.* It also serves to distinguish the situation at hand from that presented in *Matter of Westchester Rockland Newspapers v Marbach* (66 AD2d 335), relied upon by defendants, where members of the press attempted to gain access to a deposition, assertedly because the public had the right to know what was transpiring.

When it appears that expert assistance will be useful to a party in obtaining relevant information, the burden then shifts to the opposing party to demonstrate some objective reason why the expert should be barred from attending the deposition *(see, Farca v Semah,* 181 AD2d 757, 758). Defendant's conclusory claims that the expert's presence will cause annoyance or embarrassment do not satisfy that burden. Although defendant suggests that repeated interruptions by the expert will constitute "unreasonable annoyance", there is no indication that the expert will interfere in this manner. It

---

* While not squarely addressing the question, at least two Federal cases indicate acceptance of experts attending depositions *(see, Matter of San Juan Dupont Plaza Hotel Fire Litig.,* US Dist Ct, Puerto Rico, Dec. 2, 1989, Acosta, J. [1989 WL 168401] [pretrial order]; *Howard v Sears, Roebuck & Co.* 437 F Supp 883, 897, *affd* 584 F2d 388).

suffices to note that if such a problem arises, it may be addressed at the time of the examination. Lastly, we fail to find any merit in defendants' suggestion that allowing plaintiff to have the assistance of a medical expert in phrasing questions will somehow place defendant, himself a physician, at a disadvantage.

Given that defendants have not demonstrated how the presence of plaintiffs' expert would cause undue annoyance, embarrassment, expense, disadvantage or prejudice, we find that Supreme Court erred in granting a protective order precluding the expert's attendance at defendant's deposition.

Weiss, P. J., Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.