*849 OPINION OF THE COURT
William H. Keniry, J.
The issue framed for determination is whether or not a registered nurse employed by plaintiffs attorneys can be present during a physical examination of plaintiff conducted by a physician designated by defendant.
Pursuant to agreement of counsel, defendant was afforded the opportunity to conduct a postnote of issue physical examination of plaintiff.* The examination was scheduled for April 6, 1993 by Dr. Charles Bertuch. On March 30, 1993, plaintiff’s attorneys notified the doctor that plaintiff would be accompanied to the examination by a registered nurse. Defendant’s attorneys objected. The physical examination was cancelled.
Defendant now moves to compel plaintiff to submit to a physical examination unaccompanied by a representative other than one of his attorneys. Plaintiff opposes the motion to the extent that he objects to the imposition of a condition excluding the registered nurse.
Precedent permits a party’s attorney to be present during an adversary’s physical examination under CPLR 3121 (Lamendola v Slocum, 148 AD2d 781, lv dismissed 74 NY2d 714; Jakubowski v Lengen, 86 AD2d 398). One lower court has permitted a treating psychiatrist to accompany a plaintiff to an examination by defendant’s examining psychiatrist, recognizing that such presence may assist plaintiff’s counsel in preparing for cross-examination of the examiner (Gray v Victory Mem. Hosp., 142 Misc 2d 302). Support for plaintiff’s position is also found in a well-regarded treatise (3A Weinstein-Korn-Miller, NY Civ Prac ]f 3121.07). Yet an Appellate Division, Fourth Department, case holds that a plaintiff should demonstrate special circumstances in order to permit a medical representative to be present during the defendant’s physical examination (Mertz v Bradford, 152 AD2d 962).
Although not in direct point, the Appellate Division, Third Department, recently approved the attendance of a retained medical expert during the deposition of a defendant doctor in a medical malpractice action to assist plaintiff’s counsel in understanding the defendant’s testimony and in formulating questions (Brignola v Lee, 192 AD2d 1008).
In this case, the court can articulate no sound reason, nor *850 has defendant presented one, why the registered nurse, as an authorized representative of plaintiffs counsel, should be barred from the examination. It is, of course, presumed that the nurse’s function will be merely that of an observer and that the nurse’s presence will not interfere in the conduct of the examination. As to the actual physical examination the nurse will have no role. On the other hand and for example it may become important during the trial of the action for plaintiff to produce testimony from someone other than plaintiff concerning what was said in the taking of a history and what transpired during the physical examination.
Defendant’s motion is granted, in part, to the extent that plaintiff shall appear for a physical examination on or before February 15, 1994 and that plaintiff, if he so elects, may be accompanied to such examination by a registered nurse designated by his attorneys.

 The agreement resolved a dispute over service by plaintiff and rejection by defendant of a supplemental bill of particulars.