■ Stephen J. Allen, Jr., Appellant, v State of New York, Respondent. [644 NYS2d 843] —Peters, J.

On January 30, 1994, claimant was involved in a two-vehicle accident on State Route 30 in the Town of Brighton, Franklin County. Subsequently, claimant brought this claim against the State alleging, *inter alia*, that it failed to properly design, construct and maintain Route 30 and that the State's negligence caused or contributed to the accident. Pursuant to CPLR 3121, the State scheduled a medical examination of claimant by a neurologist on September 19, 1995 to be conducted in the

City of Plattsburgh, Clinton County. Claimant appeared at the examination accompanied by Mark Sullivan, a layperson hired by claimant's attorney to accompany claimant, and another unidentified individual. During the course of the examination, Sullivan advised claimant to refuse to fill out any forms or answer any questions pertaining to his medical history.

As a result, the neurologist refused to conduct the medical examination, prompting claimant to move for a protective order pursuant to CPLR 3103. The State cross-moved for an order of preclusion pursuant to CPLR 3126. The Court of Claims denied claimant's motion, finding that his refusal to fully participate did not constitute compliance, and directed him to submit to a new medical examination scheduled by the State. The court further held that if claimant failed to again cooperate in the examination process, the court may impose sanctions such as preclusion of evidence or dismissal of the claim. This appeal by claimant followed.

We affirm. A physical examination of a party by a physician retained by the other party is authorized by CPLR 3121. Notably, *expert* assistance during the course of an examination before trial is generally acceptable (*see, e.g., Brignola v Lee*, 192 AD2d 1008). Here, however, even assuming claimant had a right to be accompanied by a layperson during the course of his medical examination (*cf., supra; Grady v Phillips*, 159 Misc 2d 848; *Gray v Victory Mem. Hosp.*, 142 Misc 2d 302), the law is clear that even an attorney's role is limited at such examination to preclude interference with or restriction upon a legitimate examination (*see, Lamendola v Slocum*, 148 AD2d 781, 782, *lv dismissed* 74 NY2d 714). Thus, the Court of Claims appropriately held that since a medical history is not only an appropriate area of inquiry but is generally necessary for a meaningful examination, claimant's refusal to participate therein was error.

Claimant's remaining contentions, including his assertion that his conversation with the State's physician violated DR 7-104 (A) (1) (22 NYCRR 1200.35 [a] [1]), have been examined and found unpersuasive.

Mercure, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.