OPINION OF THE COURT
Margaret Cammer, J.
Plaintiff raises a novel issue on this motion to, inter alia, disqualify defendant’s law firm from continuing to participate in the defense of this matter because one of its attorneys was present during plaintiff’s examination by a psychiatrist selected by defendant. Plaintiff argues that such involvement makes the attorney a witness in the case, thereby requiring his disqualification.
*361 Background
Plaintiff fell from defendant’s fishing boat in the middle of the night when the boat was approximately 100 miles offshore. The injuries plaintiff claims are primarily psychological in nature. Accordingly, defendant noticed an examination of plaintiff by a psychiatrist of defendant’s choosing. Plaintiff’s attorney elected not to attend the examination, unaware that defendant’s attorney intended to do so. Defendant’s attorney did not know of plaintiff’s attorney’s decision until the time of the exam.
Defendant’s attorney states that he remained silent throughout the examination. Both he and the examining psychiatrist aver that they did not discuss the scope or content of the examination either before or during it. While plaintiff did not protest the presence of defendant’s attorney at the time of the examination, he now states that “his presence * * * had such an emotionally adverse effect on me [sic].” He adds that “I feel that the examination would have come out differently had the other sides [sic] lawyer not been sitting next to me on the couch.”
Analysis
A party to a civil action is generally entitled to have his or her attorney or other representative present during a physical examination conducted at an opponent’s instance by its physician provided the representative does not interfere with the conduct of the examination. (Jakubowski v Lengen, 86 AD2d 398; Ponce v Health Ins. Plan of Greater N.Y., 100 AD2d 963; Lamendola v Slocum, 148 AD2d 781; Grady v Phillips, 159 Misc 2d 848.) Such representation may occur at a psychiatric examination. (Matter of Alexander L., 60 NY2d 329; Gray v Victory Mem. Hosp., 142 Misc 2d 302; Reardon v Port Auth. of N.Y. & N.J., 132 Misc 2d 212.) Under certain appropriate circumstances, opposing counsel may also be allowed to attend a psychiatric examination. (Lee v County Ct. of Erie, 33 AD2d 1093; Matter of Tanise B., 119 Misc 2d 30.) Thus, there was nothing manifestly wrong with defense counsel having sat silently throughout plaintiffs psychiatric examination.
No conversation took place between defendant’s attorney and plaintiff and, therefore, defendant’s attorney did not engage in an improper communication as plaintiff asserts. Further, since defendant’s attorney did not talk to the examining doctor before the exam, there was no improper communication by proxy. As for the claim of breach of confidentiality, plaintiff *362 put his psychological condition in issue by the bringing of this lawsuit. Presumably the examining doctor would issue a report to defendant’s law firm. Defendant’s attorney would be entitled to discuss all aspects of the examination and the report with the doctor. Thus, the information gained by defendant’s attorney’s presence is presumably no different from that which he could gain from talking to the examining doctor. Further, plaintiff did not protest the presence of defendant’s attorney at the time of the examination. (Cf., Nalbandian v Nalbandian, 117 AD2d 657.) Last, but certainly not least, there is no indication at this time that the attorney will be a witness at trial as plaintiff suggests.
Notwithstanding the foregoing, defendant’s attorney’s presence appears to have inadvertently tainted the examination. A psychiatric examination differs from an orthopedic or similar medical examination in that most, if not the entire diagnosis, is based upon the conversation between the doctor and the patient. For an open dialogue to take place and meaningful findings to follow, it is obvious that the patient must be made to feel as comfortable as possible. The presence of a nonmedical third person — particularly one who represents one’s adversary (and, more particularly, when the examinee’s attorney is not present) — would have to have a profound effect on a party who is being called upon to discuss the most intimate matters. Thus, it is easy to understand why plaintiff feels the outcome of the examination would have been different had defense counsel not been present. Significantly, although the examining doctor has submitted an affirmation in opposition, he is silent on whether the outcome of the examination was affected by defense counsel’s presence.
The right of a defendant to have the plaintiff submit to a physical examination by a doctor of defendant’s choosing is not absolute; if valid reasons exist, a court may order selection of another doctor to conduct the examination. (Pettway v Ogbonna, 261 AD2d 700.) Under the circumstances present here, in order to prevent unreasonable embarrassment, disadvantage and prejudice to plaintiff, the interests of justice dictate that defendant be precluded from offering the testimony of the examining psychiatrist and that plaintiff submit to a new independent medical examination by a different doctor of defendant’s choosing. (CPLR 3103 [a].) However, the fact that a new examination before a different doctor is being ordered is not meant to suggest that the examining psychiatrist engaged in any impropriety or wrongdoing. Rather, its purpose is to insure *363 that the disputed medical issues are appropriately narrowed and that the focus of the trial medical testimony will be on the nature and extent of plaintiffs claimed injuries and not on the unusual circumstances surrounding this examination.
Accordingly, plaintiffs motion is granted only to the extent that the original examining psychiatrist is precluded from testifying at trial and plaintiff is directed to submit to a new independent medical examination to be conducted by a different doctor of defendant’s choosing. Any report issued by the original examining psychiatrist shall not be used by defendant or defendant’s new examining doctor. Such examination shall be held within 90 days of today.
The cost of the new examination shall be borne equally by the parties. This entire issue could have been avoided had the parties’ counsel simply made each other aware of their respective positions. Plaintiffs attorney could have discussed the matter with defense counsel at the time the arrangements were being made for the examination, or plaintiff could have made a motion to preclude defense counsel from attending the examination. Likewise, defendant’s attorney could have, and, perhaps, should have, telephoned plaintiffs attorney from the examination before it began.
Plaintiffs time to file a note of issue is extended until December 15, 2002.