Grange v Sweet (2004 NY Slip Op 24231)

Grange v Sweet

2004 NY Slip Op 24231 [4 Misc 3d 470]

June 28, 2004

Supreme Court, Ulster County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, September 1, 2004

[*1]
Catherine M. Grange et al., Plaintiffs,
v
Anna Sweet, Defendant.
Supreme Court, Ulster County, June 28, 2004

APPEARANCES OF COUNSEL

McCabe & Mack LLP, Poughkeepsie (Deborah J. Solot of counsel), for defendant. John J. Greco, Kingston, for plaintiffs.

{**4 Misc 3d at 471} OPINION OF THE COURT

Thomas J. Spargo, J.
Defendant moves for an order: suppressing an audio recording made by plaintiffs of the physical examination of plaintiff Catherine M. Grange by defendant's examining physician; compelling plaintiffs to provide a copy of the audiotape to defendant; and compelling Grange to submit to a physical examination by a physician designated by defendant.
Plaintiffs cross-move for an order requiring defendant to choose an examining physician other than the one initially designated, or to allow Grange's treating doctor to attend the examination by defendant's designated examining doctor.
This is a personal injury action arising from a car accident in which Grange alleges that she has suffered, among other things, injuries to her jaw, upper and lower back, shoulder and knee. Defendant served notices of physical examination upon Grange to submit to examinations by Dr. Denise McHale, a neurologist, and Dr. Josef Bieber, an oral surgeon.
Grange was examined by Dr. McHale on October 31, 2003. Prior to the examination, Grange's mother, who accompanied Grange to the examination, asked Dr. McHale if she could tape-record the examination. Dr. McHale agreed to the tape recording of her examination of Grange. Neither defendant nor her attorney were aware that Grange intended to tape-record the {**4 Misc 3d at 472}examination and, according to defendant's attorney, would have objected if they had known of Grange's intention.
After receiving notice of the proposed examination by Dr. Bieber, Grange was seen by her treating dentist, Dr. Barry Mark, and mentioned to Dr. Mark the upcoming examination by Dr. Bieber. As a result, Grange does "not wish to be examined by Dr. Bieber, as I am deeply [*2]concerned about my jaw being further hurt, or injured as a result of the examination." Grange asks the court to direct defendant to retain a different examining doctor, or to permit Dr. Mark to attend and observe the examination by Dr. Bieber.
"Disclosure provisions of the CPLR are to be liberally construed; however, the scope of permissible discovery is not entirely unlimited and the trial court is invested with broad discretion to supervise discovery . . . ." (NBT Bancorp v Fleet/Norstar Fin. Group, 192 AD2d 1032, 1033 [1993].)
The court is not faced with a request to exercise its discretion to either approve or deny an application to tape Dr. McHale's examination and the cases cited by the parties are inapplicable. Whatever evidence exists on the tape has already been obtained and, if relevant, is admissible unless some constitutional, statutory or case law prohibition is shown (Sackler v Sackler, 15 NY2d 40 [1964]).
Defendant's request to suppress the audiotape of Dr. McHale's examination of Grange is denied. Grange's attorney did not request that Grange's mother tape-record the examination nor did he know that she intended to do so. Further, Dr. McHale is a witness and not a party to the proceeding. The tape thus cannot be suppressed on the basis of any improper action of Grange's attorney (Stagg v New York City Health & Hosps. Corp., 162 AD2d 595, 596 [1990]).
Dr. McHale agreed to the taping of her examination of Grange and there is therefore no basis to suppress the tape on the basis of surprise or improper conduct by either Grange or her mother (cf. Cippitelli v Town of Niskayuna, 203 AD2d 632 [1994]).
In view of the court's "broad discretion to supervise discovery" (Dolback v Reeves, 265 AD2d 625, 626 [1999]), Grange is ordered to provide the defendant with a copy of the audiotape. Dr. McHale's willingness to permit the taping of her examination implied an understanding that she would be provided a copy of her own statements, if requested. Secondly, even if the tape is considered material prepared for litigation,{**4 Misc 3d at 473} defendant is entitled to a copy since she has substantial need for the tape and cannot obtain its substantial equivalent by other means (CPLR 3101 [d] [2]). In addition, Dr. McHale, as defendant's paid expert, could be considered an employee or agent of defendant, thus requiring disclosure of the audiotape pursuant to CPLR 3101 (i). Finally, considerations of fairness and of the integrity of both the examining room and the litigation process require that a party not gain undue advantage by the indiscriminate taping of an adversary's retained expert.
Grange has failed to demonstrate entitlement to a protective order with respect to defendant's request that she be examined by Dr. Bieber (see Pettway v Ogbonna, 261 AD2d 700 [1999]). Her affidavit offers no rational basis for her to be "deeply concerned about my jaw being further hurt" and she provides no affidavit from Dr. Mark to support her fear of being examined by Dr. Bieber.
A party's attorney or representative, including a registered nurse, may be present during a physical examination of that party (Grady v Phillips, 159 Misc 2d 848, 849-850 [1993]). The role of the attorney or representative is limited to that of an observer and no interference with or restrictions upon the physical examination is permitted (Lamendola v Slocum, 148 AD2d 781, 782 [1989]; Allen v State of New York, 228 AD2d 1001, 1002 [1996]; Parsons v Hytech Tool & Die, 241 AD2d 936, 937 [1997]).
A party's medical expert has been permitted to attend the deposition of a defendant [*3]medical doctor despite claims that such attendance would cause annoyance, embarrassment and unfair advantage (Brignola v Pei-Fei Lee, M.D., P.C., 192 AD2d 1008, 1010 [1993]).
The court is also aware that a physician retained by a party to examine and testify with respect to an adverse party is not simply an impartial medical expert, oblivious to the conflicting interests of the parties.
With these principles in mind, the court holds that, absent any valid countervailing reason, the presence at a physical examination of a party's chosen representative, including a physician, should be allowed (Gray v Victory Mem. Hosp., 142 Misc 2d 302 [1989]). The burden of proof rests with the party opposing such attendance to show why the court should deny the party's right to have counsel, a physician or other representative present at the physical examination.{**4 Misc 3d at 474}
The defendant has failed to sustain her burden in seeking to deny Grange her right to have Dr. Mark attend her physical examination. In particular, defendant has provided no affidavit from Dr. Bieber objecting to the presence of Dr. Mark at the examination.