■ VICTOR WASHINGTON, Appellant, v PEDRO A. DELOSSANTOS et al., Respondents. [843 NYS2d 186]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an amended order of the Supreme Court, Nassau County (Robbins, J.), dated July 10, 2006, as, upon reargument, adhered to so much of a prior determination in an order of the same court dated April 12, 2006, as granted the motion of the defendant Pedro A. Delossantos and that branch of the cross motion of the defendants Andre S. Keller and B.D. Bethea-Keller which were for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the amended order is reversed insofar as appealed from, on the law, with costs, upon reargument, so much of the order dated April 12, 2006, as granted the motion of the defendant Pedro A. Delossantos and that branch of the cross motion of the defendants Andre S. Keller and B.D. Bethea-Keller which were for summary judgment dismissing the complaint insofar as asserted against them is vacated, and the motion and the subject branch of the cross motion are denied.

Although this Court has the inherent jurisdiction to do so, we do not, as a general rule, consider an issue on a subsequent appeal that was raised or could have been raised in an earlier appeal that was dismissed for lack of prosecution (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]). The plaintiff appealed from the order dated April 12, 2006, but, when the Supreme Court, upon reargument, issued the amended order, the plaintiff abandoned his appeal from the earlier order, resulting in a dismissal of that appeal for failure to prosecute. Nevertheless, we exercise our discretion to review the issues raised on the plaintiff's appeal from the amended order, made upon reargument (*see Faricelli v TSS Seedman's*, 94 NY2d 772, 774 [1999]; *Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d at 750).

The Supreme Court, upon granting reargument, erred in adhering to its original determination. In support of their respective requests for summary judgment dismissing the complaint insofar as asserted against them, the defendant Pedro A. Delossantos, and the defendants Andre S. Keller and B.D. Bethea-Keller, failed to establish their prima facie entitlement to judgment as a matter of law (*see Ayotte v Gervasio*, 81 NY2d 1062 [1993]). Among other things, the defendants' orthopedic expert, Dr. Leon Sultan, failed to specify the objective tests he performed, or attempted to perform, to evaluate the plaintiff's

cervical range of motion, indicating only that "[c]ervical spine range of motion testing is met with voluntary resistance," and that, "[w]hen not being tested," the plaintiff "is noted to be moving his head and neck without any apparent restriction." Similarly, Dr. Sultan's report fails to list any range of motion test performed in an attempt to determine the abduction and forward flexion of the plaintiff's right shoulder, although the report does note that the internal rotation of the right shoulder was "complete." Again, Dr. Sultan's report opines that range of motion testing of the right shoulder was met with total voluntary resistance, with the plaintiff holding his right upper arm against his chest wall and claiming an inability to move his right shoulder. Dr. Sultan opined that "[t]here was obvious voluntary resistance with abduction and forward flexion."

Notwithstanding the orthopedist's claims of voluntary resistance, his report was insufficient to establish, prima facie, that the plaintiff's documented prior complaints of cervical and right shoulder injury had resolved. Accordingly, because the defendants' submissions failed to resolve all material issues of fact as to whether the plaintiff sustained serious injuries, summary judgment should have been denied (see Ayotte v Gervasio, 81 NY2d 1062 [1993]).

Nevertheless, we are not unmindful that Dr. Sultan's report raised serious questions regarding the plaintiff's credibility, including the extent of his cooperation in the medical examination process. A defendant in a personal injury action has the unquestioned right to have the plaintiff medically examined by a designated physician (see CPLR 3121). Where there is evidence that the plaintiff refuses to cooperate in the examination process, the proper remedy is for the defendant to move, not for summary judgment pursuant to CPLR 3212, but rather for sanctions such as preclusion of evidence, or dismissal of the complaint (see CPLR 3126; cf. Allen v State of New York, 228 AD2d 1001, 1002 [1996]). Schmidt, J.P., Goldstein, Skelos and Fisher, JJ., concur.