# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**184**

**CA 12-01478**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

AMANDA FLORES,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

FRANCIS X. VESCERA, DEFENDANT-RESPONDENT,
AND CHRISTOPHER VESCERA,
DEFENDANT-APPELLANT-RESPONDENT.

---

GREENE, HERSHDORFER & SHARPE, SYRACUSE (SHERRY R. BRUCE OF COUNSEL),
FOR DEFENDANT-APPELLANT-RESPONDENT.

ATHARI & ASSOCIATES, LLC, UTICA (NICOLE C. PELLETIER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

---------------------------------------------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered March 23, 2012. The order, among other things, denied the motion of plaintiff for a protective order and denied in part the cross motion of defendant Christopher Vescera for a protective order.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Christopher Vescera (defendant) appeals and plaintiff cross-appeals from an order denying plaintiff's motion for a protective order permitting her to videotape a neuropsychological evaluation (NPE) using a one-way mirror, and denying that part of defendant's cross motion to preclude plaintiff's counsel or other representative from attending the NPE. With respect to plaintiff's motion, we note that there is no express statutory authority to videotape medical examinations (*see* CPLR 3121; 22 NYCRR 202.17; *Lamendola v Slocum*, 148 AD2d 781, 781, *lv dismissed* 74 NY2d 714), and videotaping has not been allowed in the absence of "special and unusual circumstances" (*Lamendola*, 148 AD2d at 781). We conclude that plaintiff failed to establish the requisite special and unusual circumstances (*cf. Mosel v Brookhaven Mem. Hosp.*, 134 Misc 2d 73). With respect to defendant's cross motion, we conclude that Supreme Court properly determined that defendant failed to make the requisite positive showing of necessity for the exclusion of plaintiff's counsel or other representative from attending the NPE by establishing that the presence of such an individual would impair the validity and effectiveness of the NPE (*see Jessica H. v Spagnola*, 41 AD3d 1261,

1262-1263).

Entered:  April 26, 2013

Frances E. Cafarell
Clerk of the Court