McNamara v Buresh (2024 NY Slip Op 00016)

McNamara v Buresh

2024 NY Slip Op 00016

Decided on January 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 4, 2024

CV-23-0003
[*1]Deanne McNamara et al., Respondents,
v
Steve J. Buresh, Appellant.

Calendar Date:November 14, 2023

Before:Egan Jr., J.P., Pritzker, Fisher, McShan and Powers, JJ.

Santacrose, Frary, Tomko, Diaz-Ordaz & Whiting, Buffalo (Keith M. Frary of counsel), for appellant.
Smith, Dominelli & Guetti, Albany (Christopher P. Meyer of counsel), for respondents.

Powers, J.
Appeal from an order of the Supreme Court (David A. Weinstein, J.), entered September 22, 2022 in Albany County, which denied defendant's motion to preclude a third-party observer from attending plaintiff Deanne McNamara's neuropsychological evaluation.
Plaintiffs commenced this action for personal injuries and loss of consortium seeking to recover damages arising from a motor vehicle accident in October 2019. Following depositions, defendant arranged for plaintiff Deanne McNamara to undergo a two-day neuropsychological examination to evaluate whether she sustained, among other things, a traumatic brain injury in the accident. Plaintiffs' counsel sought to be present during the testing portion of the evaluation, which request was refused by the designated neuropsychologist who intended to restrict plaintiffs' counsel to observing the clinical interview portion only. After communication between the attorneys did not result in an accommodation satisfactory to both parties, defendant moved for an order to preclude and compel McNamara to submit to the examination in the absence of any third party. Supreme Court denied defendant's motion to exclude plaintiffs' counsel from observing the testing portion provided he did not interfere with the examination. Defendant appeals.
It is settled that a plaintiff is entitled to have his or her attorney, or other legal representative, present during an examination as long as that individual does not "impair the validity and effectiveness of the particular examination" that is to be conducted (Matter of Alexander L. , 60 NY2d 329, 332 [1983]; see Lamendola v Slocum , 148 AD2d 781, 781-782 [3d Dept 1989], lv dismissed 74 NY2d 714 [1989]). Here, the record reflects that plaintiffs' counsel is aware of and acknowledges a responsibility not to interfere with the testing protocols but, nonetheless, intends to be present as an observer safeguarding the legal interests of his client. Defendant argues that it is necessary to preclude plaintiffs' counsel from the testing portion of McNamara's examination because his presence would otherwise breach standardized testing procedures and compromise the validity and reliability of the testing. As to these contentions, the burden of proof lies with defendant. In support of his claims, defendant has offered multiple published research studies, position statements and other professional materials on the subject of excluding third parties from the testing portion of neuropsychological evaluations, many of which have been authored by the particular neuropsychologist designated by defendant in the instant case. Absent from defendant's proof is evidence of an industry-wide standard, accepted within the neuropsychology field, pronouncing that testing validity is adversely impacted by the presence of a third-party observer or pointing to any particular factual circumstance which renders it necessary to preclude the attendance of plaintiffs' counsel during McNamara's neuropsychological testing[*2]. Instead, defendant offers mainly the personal and professional opinion of this specific neuropsychologist who holds this view. Having failed to identify any explicit reason to justify his contention that the testing results will be compromised if observed by plaintiffs' counsel, we find that defendant has failed to meet his burden for the exclusion of plaintiffs' counsel. Therefore, Supreme Court properly denied defendant's motion to preclude plaintiffs' counsel from being present during the testing portion of McNamara's neuropsychological evaluation.
Egan Jr., J.P., Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.